# Illinois Official Reports

## Supreme Court

---

### *People v. Johnson*, 2018 IL 122227

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. GRANVILLE S. JOHNSON, Appellant. |
| Docket No. | 122227 |
| Filed | November 29, 2018 |
| Decision Under Review | Appeal from the Appellate Court for the Fourth District; heard in that court on appeal from the Circuit Court of Champaign County, the Hon. John R. Kennedy, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | James E. Chadd, State Appellate Defender, Jacqueline L. Bullard, Deputy Defender, and Sheril J. Varughese, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.<br><br>Lisa Madigan, Attorney General, of Springfield (David L. Franklin, Solicitor General, and Michael M. Glick and Retha Stotts, Assistant Attorneys General, of Chicago, of counsel), for the People. |

Justices JUSTICE BURKE delivered the judgment of the court, with opinion.
Chief Justice Karmeier and Justices Thomas, Kilbride, Garman, Theis, and Neville concurred in the judgment and opinion.

## OPINION

¶ 1 In this case, we must decide whether a defendant who retains a private attorney at the first stage of postconviction proceedings under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)) is entitled to a reasonable level of assistance of counsel. For the reasons that follow, we conclude in the affirmative.

¶ 2 BACKGROUND

¶ 3 Defendant, Granville Johnson, was tried before a Champaign County jury on two occasions for the first degree murder of Gregory Moore and attempted first degree murder of Isaac Moore. In both trials, the juries were unable to reach a verdict, and mistrials were declared.

¶ 4 Following a third trial, the jury found defendant guilty of both offenses. The trial court sentenced defendant to consecutive terms of 53 years' and 32 years' imprisonment, respectively. Defendant appealed, arguing primarily that the State failed to exercise due diligence in obtaining DNA test results and, therefore, the trial court erred in granting an extension of the speedy-trial deadline under section 103-5(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/103-5(c) (West 2008)). The appellate court rejected this contention and affirmed defendant's convictions. *People v. Johnson*, 2012 IL App (4th) 090893-U. This court denied defendant's petition for leave to appeal (*People v. Johnson*, No. 115225 (Ill. Jan. 30, 2013)), and the United States Supreme Court denied his petition for writ of *certiorari* (*Johnson v. Illinois*, 571 U.S. ___, 134 S. Ct. 358 (2013)).

¶ 5 In April 2014, a private attorney retained by defendant filed a postconviction petition alleging that (1) defendant's right to a speedy trial was violated, (2) "the State presented incomplete evidence" to the trial court regarding the DNA testing and the necessity for a continuance of the speedy-trial clock, and (3) trial counsel was ineffective for failing to present this evidence to the trial court in a motion to reconsider. The circuit court summarily dismissed the petition, finding the alleged violation of defendant's speedy trial rights and trial counsel's failure to file a motion to reconsider were matters that could have been raised on direct appeal and, therefore, were barred by *res judicata*. Additionally, the court rejected defendant's claim of ineffective assistance on the merits. According to the circuit court, defendant's claim that the trial court would have reconsidered its ruling on the State's motion to continue for DNA testing was "speculative at best," and there was no probability a motion to reconsider would have changed the result. Thus, the circuit court found trial counsel's decision not to file a motion to reconsider objectively reasonable under *Strickland v. Washington*, 466 U.S. 668 (1984). Defendant's attorney filed a notice of appeal from the circuit court's summary dismissal order on June 23, 2014.

- 2 -

¶ 6   On July 11, 2014, defendant filed a timely *pro se* motion to reconsider the dismissal of his postconviction petition and to allow for its supplement. In this motion, defendant alleged his postconviction attorney had failed to include several claims in his postconviction petition that defendant had requested be made part of the petition. Defendant asserted his postconviction attorney had failed to include claims that (1) direct appeal counsel provided ineffective assistance on the issues raised in the postconviction petition, (2) trial and direct appeal counsel provided ineffective assistance by failing to challenge the introduction of a witness's police statement as substantive evidence at trial, and (3) direct appeal counsel was ineffective for failing to raise a double jeopardy issue raised by trial counsel. Defendant stated in his motion that, when he spoke to his attorney about these claims, "[c]ounsel respond[ed] in [a] way that confused [him] and then began questioning [him] about payment." Defendant further stated that, after receiving a letter from his attorney "about money and why he didn't raise ineffective [assistance] of direct appeal counsel," defendant "never heard from counsel again, until [the] court dismiss[ed] [the] petition." Defendant stated he "wanted and had every intention of adding other meritorious issues to his petition, including but not limited to the ones discussed in this motion."

¶ 7   Because defendant's counsel had filed a notice of appeal before defendant filed his *pro se* motion to reconsider, the circuit court concluded it lacked jurisdiction over defendant's motion and, therefore, declined to consider it. Thereafter, the appellate court entered an order remanding the cause in compliance with Illinois Supreme Court Rule 606(b) (eff. July 1, 2017), to allow the circuit court to review defendant's motion.[1]

¶ 8   On remand, defendant filed a *pro se* supplement to his motion to reconsider, raising several additional claims he contended his postconviction attorney should have included in the postconviction petition. The circuit court denied defendant's motion but did not consider the merits of any of the claims raised by defendant or whether defendant's attorney should have included those claims in the petition. Instead, the court concluded the claims raised in the supplemented motion were "attempts to allege new Post-Conviction issues not previously raised in the prior petition" and, thus, were waived.

¶ 9   On appeal, defendant argued the circuit court erred in refusing to consider the additional claims of trial and direct appeal error raised in his supplemented motion to reconsider. Defendant asserted that, because his private attorney filed the initial postconviction petition and because he was bound by his attorney's actions, the circuit court should have considered whether counsel's representation in failing to include the claims was unreasonable. Defendant contended that, if his counsel's performance was unreasonable, then he should be permitted to supplement his petition with the additional claims.

¶ 10   The appellate court rejected this argument and affirmed the circuit court's summary dismissal of defendant's postconviction petition. 2017 IL App (4th) 160449. While recognizing that a defendant has the right to reasonable assistance of counsel at the second and third stages of postconviction proceedings, the appellate court concluded there is no such right at the initial, summary dismissal stage. Relying on two appellate decisions that had reached the

---

[1]Rule 606(b) provides that, if a defendant files a timely postjudgment motion after filing a notice of appeal, the notice of appeal shall have no effect.

same conclusion, *People v. Kegel*, 392 Ill. App. 3d 538 (2009), and *People v. Garcia-Rocha*, 2017 IL App (3d) 140754, the appellate court determined that

> "(1) neither the Act nor case law indicates a prisoner sentenced to a term of imprisonment is entitled to reasonable assistance at the first stage of postconviction proceedings, (2) to find such an entitlement would require us to judicially disengage the guarantee of reasonable assistance from the underlying right to counsel at second-stage proceedings so that the former can exist independently of the latter, and (3) awarding such an entitlement would lead to disparate treatment among prisoners similarly situated except with regard to the means to obtain counsel." 2017 IL App (4th) 160449, ¶ 41.

Therefore, according to the appellate court, the circuit court had no obligation to consider whether defendant's attorney provided unreasonable assistance and no obligation to consider any of the additional claims raised in defendant's supplemented motion to reconsider.

¶ 11    We granted defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Mar. 15, 2016).

¶ 12                                    ANALYSIS

¶ 13    As he did in the appellate court, defendant argues here that the circuit court erred in refusing to consider whether his privately retained attorney provided unreasonable assistance when he failed to include additional claims in defendant's postconviction petition. Defendant contends that, had the circuit court examined his attorney's performance, the court would have concluded the performance was unreasonable and, on that basis, would have permitted defendant to supplement his petition with the additional claims raised in his supplemented motion to reconsider. Defendant acknowledges this court has not previously recognized a right to reasonable assistance of counsel at the first stage of postconviction proceedings where a defendant retains a private attorney, but he urges us to do so now. Accordingly, at the outset, we must determine whether a defendant who retains a private attorney at the first stage of postconviction proceedings is entitled to a reasonable level of assistance of counsel.

¶ 14    The Act (725 ILCS 5/122-1 *et seq.* (West 2010)) provides a remedy for incarcerated defendants who have suffered a substantial violation of their constitutional rights at trial. Under the Act, a postconviction proceeding contains three stages. At the first stage, the circuit court must independently review the postconviction petition, without input from the State, and determine whether it is "frivolous or is patently without merit." *Id.* § 122-2.1(a)(2). If the court makes this determination, the court must dismiss the petition in a written order. *Id.* If the petition is not dismissed, the proceedings move to the second stage. *Id.* § 122-2.1(b).

¶ 15    At the second stage, counsel is appointed to represent the defendant, if he is indigent (*id.* § 122-4), and the State is permitted to file responsive pleadings (*id.* § 122-5). The circuit court must determine at this stage whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. *People v. Edwards*, 197 Ill. 2d 239, 245-46 (2001). If no such showing is made, the petition is dismissed. If, however, the petition sets forth a substantial showing of a constitutional violation, it is advanced to the third stage, where the circuit court conducts an evidentiary hearing (725 ILCS 5/122-6 (West 2010)).

¶ 16    There is no constitutional right to counsel in postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *People v. Moore*, 189 Ill. 2d 521, 541 (2000). Thus, defendants are guaranteed only the level of assistance provided for by the Act. *People v.*

- 4 -

*Flores*, 153 Ill. 2d 264, 276 (1992). The Act does not explicitly provide for any particular level of assistance. Nonetheless, this court has long held that, at the second and third stages of postconviction proceedings, defendants are entitled to a "reasonable" level of attorney assistance. *People v. Owens*, 139 Ill. 2d 351, 358-59 (1990). Notably, this right is not limited to appointed counsel. Privately retained attorneys must also provide a reasonable level of assistance. *People v. Cotto*, 2016 IL 119006.

¶ 17    The right to reasonable assistance recognized by this court necessarily follows from the nature and purpose of the Act. As has often been observed, the purpose of the Act is to provide a statutory mechanism for incarcerated defendants to assert they have been unconstitutionally deprived of their liberty. See, *e.g.*, Albert E. Jenner Jr., *The Illinois Post-Conviction Hearing Act*, 9 F.R.D. 347, 357 (1949) ("The purpose of the Act was to provide a certain and adequate procedure by which persons incarcerated in Illinois penal institutions can obtain a hearing *** into the question of whether they were denied substantial constitutional rights in the proceedings."); *People v. Pier*, 51 Ill. 2d 96, 98 (1972) (the Act "was designed to afford to the convicted an opportunity to inquire into the constitutional integrity of the proceedings in which the judgment was entered"). This purpose distinguishes the Act from other statutes enacted by the legislature that provide for various remedies, such as those statutes that establish causes of action authorizing the recovery of monetary damages. When an attorney's deficient performance results in the loss of a cause of action for monetary damages, the aggrieved litigant can file a legal malpractice action to recover the loss. That is not possible for a claim that has been lost under the Act. A legal malpractice action cannot secure the release of a wrongfully incarcerated defendant. See, *e.g.*, *In re Estate of Powell*, 2014 IL 115997, ¶ 13 (the injury in a legal malpractice action is "a pecuniary injury to an intangible property interest"). Accordingly, the only way to ensure the purpose of the Act is fulfilled, *i.e.*, to ensure that criminal defendants are not deprived of liberty in violation of their constitutional rights, is to provide some means of reviewing attorney performance. Otherwise, meritorious postconviction claims may be lost. In short, the "statute cannot perform its function" (*People v. Slaughter*, 39 Ill. 2d 278, 285 (1968)) without the right to some level of attorney competence. See also, *e.g.*, *People v. Polansky*, 39 Ill. 2d 84, 87 (1968) (noting the importance of appointed counsel to furthering the "legislative purpose").

¶ 18    The rationale for requiring a reasonable level of assistance from privately retained counsel at the second and third stages of postconviction proceedings applies with equal force to first stage representation. Indeed, in light of the purpose of the Act, it would be absurd to say the legislature did not intend for privately retained counsel to provide a reasonable level of assistance at the first stage of postconviction proceedings. As defendant points out, Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013), which requires counsel to consult with a defendant regarding his postconviction petition, applies only to those defendants who file their initial petition *pro se* and who are appointed counsel at the second stage. *Cotto*, 2016 IL 119006, ¶ 41. Thus, were we to hold that the Act imposes no standard of representation whatsoever at the first stage, a privately retained attorney could submit a wholly deficient petition, and meritorious claims could be lost. See 725 ILCS 5/122-3 (West 2010) ("Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived."). We do not think this is what the General Assembly intended.

¶ 19    The State emphasizes, however, that there is no right to have counsel appointed at the first stage of postconviction proceedings. See, *e.g.*, *People v. Ligon*, 239 Ill. 2d 94, 118 (2010).

From this, the State contends "there is necessarily no right to a particular level of assistance, 'reasonable' or otherwise." We disagree. It is true the court is not obligated to appoint counsel at the first stage of postconviction proceedings. But it does not follow from this premise that an attorney who is privately retained is therefore free to provide unreasonable assistance. To the contrary, as we have explained, recognizing no level of required assistance at the first stage of postconviction proceedings would defeat the purpose of the Act. Further, the State's argument misconstrues the purpose of the summary dismissal stage. That stage is meant to save taxpayers money by not requiring the appointment of counsel where the claims raised by the *pro se* defendant are frivolous or patently without merit. See, *e.g.*, 83rd Ill. Gen. Assem., Senate Proceedings, May 19, 1983, at 171 (statements of Senator Sangmeister) ("the purpose of this is…is not to prevent the filing of those but at least let a judge look at it, and where on its face the petition is obviously frivolous, that to cost the taxpayer money to have an attorney represent them, the cost of another transcript…on that petition I think is senseless"). The summary dismissal stage is not meant to relieve privately retained counsel, paid for by the defendant, from the obligation to provide reasonable assistance.

¶ 20    In declining to recognize a reasonable assistance standard at the first stage of postconviction proceedings, the appellate court below expressed concern that imposing such a standard would lead to disparate treatment among defendants. The court explained that a defendant "whose retained attorney filed a fatally defective petition would be entitled to reversal of the summary dismissal of the petition if the attorney did not provide 'reasonable assistance.' In contrast, an indigent defendant with no assistance of counsel who filed a petition suffering the same defect would have no basis for reversal." (Internal quotation marks omitted.) 2017 IL App (4th) 160449, ¶ 37. The appellate court's concern is misplaced.

¶ 21    At the first stage of postconviction proceedings there are no hearings, no arguments, and no introduction of evidence. Instead, there is only a pleading, the postconviction petition, that the circuit court must independently consider to determine whether it is frivolous or patently without merit. Thus, any assertion of deficient attorney performance at this stage will almost certainly be of the same type as the one asserted in this case, that is, an assertion that counsel failed to include one or more claims in the petition the defendant wanted to have raised. In addition, a defendant who retains private counsel is bound by the actions of his attorney and, therefore, bound by the attorney's decision not to include a claim in the petition. See *People v. McNeal*, 194 Ill. 2d 135, 147 (2000) (a defendant is not entitled both to be represented by counsel and to proceed as a *pro se* litigant). Conversely, a *pro se* defendant can include any and all claims he wishes to raise in his petition. If he does not include a claim, the fault is his own. Accordingly, recognizing a standard of attorney performance for the first stage of postconviction proceedings does not disadvantage the indigent defendant. It simply places all defendants on an equal footing in making sure the claims they want to have raised in the postconviction petition are, in fact, included.

¶ 22    Finally, the State contends that, because claims not raised in an original or amended postconviction petition are waived (see *id.*), it would be improper for the circuit court ever to consider any of the underlying claims raised in defendant's supplemented motion to reconsider. We reject this argument because it fails to account for the fact that, once a right to reasonable assistance of counsel is recognized under the Act, there must be a means to assert it. It is settled that a defendant may allege on appeal from the denial of postconviction relief at the second or third stage that his postconviction counsel provided unreasonable assistance. See,

*e.g.*, *People v. Turner*, 187 Ill. 2d 406 (1999); *People v. Guest*, 166 Ill. 2d 381, 412-13 (1995); *People v. Groszek*, 2016 IL App (3d) 140455. We can discern no reason why this should not be the case here. Further, because a defendant may raise the issue of unreasonable assistance on appeal, it necessarily may be raised in a motion to reconsider, since the interests of judicial economy are best served by bringing it to the circuit court's attention at the first opportunity.

¶ 23 For the foregoing reasons, we hold that a defendant who retains a private attorney at the first stage of postconviction proceedings is entitled to a reasonable level of assistance of counsel. To the extent appellate decisions, including *Kegel* and *Garcia-Roche*, hold to the contrary, they are overruled.

¶ 24 Because the circuit court did not have the benefit of our ruling in this case, it did not reach the substance of defendant's supplemented motion to reconsider. We conclude the appropriate disposition is to remand to the circuit court so it may do so. If the circuit court determines the claims raised in defendant's supplemented motion to reconsider are frivolous or patently without merit, then the failure to include those claims would not amount to a denial of reasonable assistance of counsel, and defendant would not be entitled to relief on his motion to reconsider. However, if the circuit court determines that one or more of the claims are not frivolous or patently without merit and if the court determines that defendant's attorney was aware of such claims and refused to include them, then defendant should be permitted to amend his petition with the claims and proceed to the second stage of postconviction proceedings.

¶ 25                                   CONCLUSION
¶ 26 The judgments of the circuit court and appellate court are reversed. The cause is remanded to the circuit court for further proceedings consistent with this opinion.

¶ 27 Reversed and remanded.