2019 IL App (1st) 170471-U

No. 1-17-0471

Order filed December 3, 2019

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 CR 6818 |
| | ) | |
| KIMBERLY RODGERS, | ) | Honorable |
| | ) | Evelyn B. Clay, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Summary dismissal of defendant's postconviction petition is affirmed where the record does not establish that postconviction counsel provided unreasonable assistance.

¶ 2    Defendant Kimberly Rodgers appeals from the summary dismissal of her petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)), arguing that postconviction counsel provided unreasonable assistance by alleging in the petition that defendant

had possible defenses to the charged offenses, but failing to explain those defenses. For the following reasons, we affirm.

¶ 3     Defendant was charged by information with six counts of aggravated battery to a peace officer (720 ILCS 5/12-3.05(d)(4) (West Supp. 2013)), following her arrest for driving under the influence of alcohol on March 23, 2014. Defendant retained private trial counsel.

¶ 4     On August 15, 2014, trial counsel informed the trial court that the matter was ready to be set for trial, and stated, "I think it's going to be self-defense."[1] However, on February 19, 2015, defendant entered a negotiated plea of guilty to one count of aggravated battery to a peace officer and was sentenced to two years' probation. In exchange, the State nol-prossed defendant's other counts.

¶ 5     Before accepting defendant's guilty plea, the trial court advised her that aggravated battery to a peace officer is a Class 2 felony punishable by a sentencing range of probation to three to seven years' incarceration. When asked if she understood the "nature" of the charge and the "range of penalties," defendant responded affirmatively and confirmed that she wished to accept the State's offer.

¶ 6     The trial court also informed defendant that in pleading guilty, she would "give up" her right to a jury trial. Defendant stated that she knew what a jury trial is and intended to waive that right. Next, the trial court asked if she understood that by pleading guilty, she would "give up" her right to confront witnesses and "put on any defense to this charge." Defendant responded, "Yes." She further told the court that she was pleading guilty voluntarily, was not forced to accept the

---

[1] On January 15, 2015, trial counsel stated that he had filed an answer. It is not included in the record on appeal.

State's offer, and was not promised anything in exchange for her plea aside from the prosecutor recommending the agreed sentence.

¶ 7     As a factual basis for the plea, the parties stipulated that Officer Bradley would testify that on March 23, 2014, defendant was processed for a traffic offense, became belligerent, and refused to remove her jewelry.[2] When Bradley tried to take the jewelry from defendant, defendant struck Bradley's face and kicked her leg, causing pain and redness. Two other officers would testify that they observed the incident.

¶ 8     The trial court accepted defendant's guilty plea and found it was knowing and voluntary. Defendant declined to say anything before sentencing. The court sentenced defendant to two years' probation and informed her that prior to filing an appeal, she was required to file a written motion to reconsider sentence or withdraw her plea.

¶ 9     Defendant did not file a postplea motion or direct appeal. Instead, she retained postconviction counsel, and on December 1, 2016, filed a postconviction petition. The petition argued defendant's guilty plea was not knowing and voluntary because trial counsel did not (1) discuss the facts and possible defenses, (2) explain the plea process and obtain her "advised consent" for a plea conference, or (3) explain the consequences of a felony conviction. Therefore, defendant claimed the plea was "coerced," "involuntary," and entered without her knowing her rights. Had trial counsel "properly advised" her, she would not have entered the plea.

¶ 10     In an affidavit attached to the petition, defendant attested she was innocent of the traffic violation and aggravated battery, and "had a viable defense to both charges which [trial counsel] would not discuss." Bradley was "very hostile" during booking, but trial counsel never reviewed

_____

[2] Bradley's first name does not appear in the record.

the facts with defendant, appeared in court "sporadically," and often sent an associate who was unfamiliar with defendant's "position of innocence." Trial counsel requested a plea conference without defendant's consent, and advised she would receive probation on a guilty plea but incarceration following trial. Trial counsel did not advise that defendant would lose her job and home due to the conviction. Defendant felt "coerced" into pleading guilty to aggravated battery, and retained new counsel in the traffic case, which was dismissed. Postconviction counsel also attached a copy of an eviction order dated October 2, 2015, addressed to defendant.

¶ 11    On January 27, 2017, the circuit court entered a written order summarily dismissing defendant's postconviction petition. The court found, in relevant part, that defendant failed to identify any defenses to the charges, establish that trial counsel's decision not to pursue any particular defense was not trial strategy, show that the final result would have been different but for trial counsel's actions, or explain why she would have gone to trial in light of the evidence from three officers who witnessed the incident.

¶ 12    On appeal, defendant contends that postconviction counsel provided unreasonable assistance where the postconviction petition asserted that defendant had possible defenses to the aggravated battery charge but omitted a "detailed explanation" of those defenses.[3]

¶ 13    The Act outlines a three-stage mechanism for a defendant who alleges that she suffered a substantial deprivation of her constitutional rights. *People v. Johnson*, 2018 IL 122227, ¶ 14. At the first stage, a defendant must meet the low standard of pleading sufficient facts to assert an

_____

[3] Although defendant appears to have completed her term of probation, her appeal is not moot because she timely filed her postconviction petition while she was on probation. 725 ILCS 5/122-1(a) (West 2016); *People v. Carrera*, 239 Ill. 2d 241, 246 (2010) (postconviction relief is reserved for persons whose freedoms are curtailed by the State); *People v. Jones*, 2012 IL App (1st) 093180, ¶ 10 (where a defendant timely files her petition, postconviction relief is not moot even if she completes her sentence while her appeal from the dismissal of her petition is pending).

arguably constitutional claim. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). As such, a circuit court may only dismiss a petition through a written order if it determines that the petition is frivolous or patently without merit. *Id.* at 10. A petition is frivolous or patently without merit when it "is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* at 16. "[A]n indisputably meritless legal theory is one that is completely contradicted by the record," and "[f]anciful factual allegations include those that are fantastic or delusional." (Internal quotation marks omitted.) *People v. White*, 2014 IL App (1st) 130007, ¶ 18.

¶ 14    Under the sixth and fourteenth amendments to the United States Constitution (U.S. Const., amends. VI, XIV), criminal defendants are guaranteed effective assistance of counsel at trial and on direct appeal. *People v. Zareski*, 2017 IL App (1st) 150836, ¶ 48. To establish ineffective assistance of counsel, a defendant must show that (1) her counsel's representation fell below an objective standard of reasonableness, and (2) but for her counsel's errors, there is a reasonable probability that the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A bare allegation that defendant would not have pled guilty but for counsel's performance is insufficient to establish prejudice. *People v. Hall*, 217 Ill. 2d 324, 335 (2005). Rather, the allegation "must be accompanied by either a claim of innocence or the articulation of a plausible defense that could have been raised at trial." *Id.* at 335-36.

¶ 15    A defendant does not have a constitutional right to effective assistance of counsel in postconviction proceedings. *Johnson*, 2018 IL 122227, ¶ 16. The Act does grant the statutory right to a reasonable level of assistance by postconviction counsel. *Id.* While defendants are entitled to appointed counsel in later-stage postconviction proceedings, there is no such entitlement at the

first stage. See *id.* ¶ 15. First stage petitioners may, however, retain private representation. See *id.* ¶ 18.

¶ 16    Both appointed and retained postconviction counsel are required to provide reasonable assistance. *People v. Cotto*, 2016 IL 119006, ¶ 42. Recently, the Illinois Supreme Court extended that right to postconviction counsel retained at the first stage. *Johnson*, 2018 IL 122227, ¶ 18 ("The rationale for requiring a reasonable level of assistance from privately retained counsel at the second and third stages of postconviction proceedings applies with equal force to first stage representation.")). In *Zareski*, this court adopted the *Strickland* standard for cases in which a defendant asserts unreasonable assistance of retained postconviction counsel in a first stage proceeding. *Zareski*, 2017 IL App (1st) 150836, ¶ 59. Thus, a defendant making this claim must establish that she was prejudiced by postconviction counsel's performance. *Id.*

¶ 17    Here, defendant has not established prejudice from postconviction counsel's failure to articulate defenses to the aggravated battery charge because it is clear that her ineffective assistance of trial counsel claim could not succeed. On August 15, 2014, trial counsel told the court that he "th[ought]" defendant would argue self-defense at trial. When defendant pleaded guilty on February 19, 2015, the parties stipulated that three officers would testify that defendant struck Bradley during processing for a traffic offense. The trial court thoroughly admonished defendant that by pleading guilty she waived her right to put on any defenses to the charge, and she confirmed that she understood. Defendant did not address the court before sentencing, nor did she file a postplea motion or direct appeal.

¶ 18    Based on this record, trial counsel's comment that defendant might argue self-defense, made six months before she entered her guilty plea, does not show that she had a meritorious

defense to the charges. Moreover, in her brief on appeal, defendant does not identify any alleged defenses to which she was entitled. Here, defendant's postconviction petition did not specify defenses to the charges, and she has not shown that any exist. Reasonable assistance does not require postconviction counsel to go on a "fishing expedition" to find evidence outside the record that might corroborate a defendant's claims. See *People v. Malone*, 2017 IL App (3d) 140165, ¶ 10. Defendant's argument that postconviction counsel's failure to identify a defense shows that counsel was unreasonable is without merit. Therefore, we affirm the circuit court's summary dismissal of defendant's petition.

¶ 19    Affirmed.