2021 IL App (1st) 180195-U

FIFTH DIVISION
Order filed: March 19, 2021

No. 1-18-0195

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 08 CR 17424 |
| | ) | |
| JOSEPH JOHNSON, | ) | Honorable |
| | ) | Diane Cannon, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Delort and Justice Cunningham concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court's first-stage summary dismissal of the defendant's postconviction petition is affirmed where the defendant failed to state a gist of a constitutional claim for ineffective assistance of counsel.

¶ 2    The defendant, Joseph Johnson, appeals from the first-stage summary dismissal of his postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 122-1 *et seq*. (West 2016)). On appeal, he contends that the trial court erred in dismissing his petition because he raised an arguable claim that his trial counsel was ineffective for failing to investigate whether he suffered from post-traumatic stress disorder (PTSD) at the time he committed the offense. The

defendant also argues that he did not receive reasonable assistance from his postconviction counsel where postconviction counsel failed to attached affidavits from an expert stating that he suffered from PTSD. For the reasons that follow, we affirm.

¶ 3     The defendant was charged by indictment with two counts of first degree murder following the August 9, 2008 stabbing death of Paulette Thomas. The evidence at trial established that the defendant fatally stabbed Thomas after checking into a motel room with her. The defendant testified that Thomas approached him, and they went to a motel room together. While they were inside the motel room, Thomas struck him twice in the face and head with a glass bottle. He initially did not recall stabbing Thomas, but he later admitted to the stabbing. According to the defendant, he only has one eye, and he was fearful that he might lose his remaining eye because of her attacks. Therefore, he stabbed her to protect himself.

¶ 4     Following a jury trial, the defendant was found guilty of first degree murder. Prior to sentencing, the defendant filed a motion seeking a hearing to determine whether his faulty memory rendered him unfit for sentencing. The trial court denied the motion because the defendant had already been deemed fit, both before trial and sentencing, and then sentenced him to 30 years' imprisonment. The defendant appealed his conviction and sentence, arguing, *inter alia*, that the trial court should have submitted the question of his fitness for sentencing to a jury. This court affirmed his conviction and sentence reasoning, *inter alia*, that the defendant was evaluated for fitness before sentencing and, based on the record, there was no *bona fide* doubt of his fitness for sentencing. *People v. Johnson*, 2012 IL App (1st) 113001-U.

¶ 5     On September 14, 2017, the defendant filed a postconviction petition pursuant to the Act, maintaining that his trial counsel was ineffective for failing to file a motion for a fitness hearing at

trial and for failing to investigate whether he suffered from PTSD. He attached two affidavits to the petition—one from his grandson, Eddie Johnson (Eddie), and the other from himself. In his affidavit, the defendant stated, *inter alia*, that he has been attacked many times, and because of these attacks, he lost his left eye. He asserted that he stabbed Thomas because she was attacking him, and he was afraid he would lose his right eye. Eddie's statements in his affidavit were consistent with the defendant's statements—that the defendant had been beaten many times, including being stabbed, breaking his jaw, and losing his eye. He also stated that the defendant "did not seem to be in his right mind" and was defending himself. On December 13, 2017, the trial court summarily dismissed the defendant's petition. In so doing, the court reasoned that the issue of fitness was previously raised and decided by the appellate court on direct appeal and is, therefore, barred by *res judicata*. It further reasoned that, while there was no indication that trial counsel failed to conduct a reasonable investigation, his alleged failure to investigate for PTSD would not have prejudiced the defendant because the evidence against him was overwhelming. This appeal followed.

¶ 6    On appeal, the defendant argues that the trial court erred in summarily dismissing his petition because he raised an arguable claim of a constitutional violation. Specifically, he maintains that his trial counsel was ineffective for failing to investigate whether he suffered from PTSD at the time he committed the offense, and that doing so would have supported his self-defense claim. He also argues that he did not receive reasonable assistance from his postconviction counsel where postconviction counsel failed to attached affidavits from an expert verifying that he suffered from PTSD. We disagree.

¶ 7    Pursuant to the Act, a postconviction proceeding that does not involve the death penalty has three distinct stages. 725 ILCS 5/122-1 *et seq.* (West 2016); *People v. English*, 2013 IL 112890, ¶¶ 22-23. In the first stage, the defendant files a petition and the trial court determines whether it is frivolous or patently without merit. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). To survive dismissal at this stage, a petition must present only the "gist" of a constitutional claim. *Id.* (citin*g People v. Porter*, 122 Ill. 2d 64, 74 (1988)). The term "gist" describes what the petitioner must allege at the first stage; it is not the legal standard used by the court to evaluate the petition. *People v. Hodges*, 234 Ill. 2d 1, 11 (2009). The legal standard is whether the petition is frivolous or patently without merit, meaning it has no arguable basis in law or fact. *Id.* at 16. "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* In this stage, the allegations of fact are considered true, "so long as those allegations are not affirmatively rebutted by the record." *People v. Thomas*, 2014 IL App (2d) 121001, ¶ 47. We review the summary dismissal of a postconviction petition *de novo*. *Hodges*, 234 Ill. 2d at 11.

¶ 8    To succeed on an ineffective assistance of counsel claim, the defendant must demonstrate that his trial counsel's performance was deficient and that he suffered prejudice because of his counsel's deficient conduct. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). At the first stage of postconviction proceedings, a petition alleging ineffective assistance of counsel may not be summarily dismissed if it is arguable that (1) counsel's performance fell below an objective standard of reasonableness and (2) the defendant was prejudiced. *Hodges*, 234 Ill. 2d at 17. An allegation of ineffective assistance of counsel fails if either prong of the *Strickland* standard is not satisfied. See *Strickland*, 466 U.S. at 670. Where a case may be disposed of because of a

lack of sufficient prejudice, "that course should be taken." *Strickland*, 466 U.S. at 697. Broad conclusory allegations of ineffective assistance of counsel are insufficient to avoid summary dismissal at the first stage. *People v. Delton*, 227 Ill. 2d 247, 258 (2008).

¶ 9    The defendant first argues that his trial counsel was ineffective for failing to investigate whether he suffered from PTSD at the time he committed the offense. Trial counsel's decision " 'not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.' " *People v. Guest*, 166 Ill. 2d 381, 400 (1995) (quoting *Strickland*, 466 U.S. at 691). "Attorneys have an obligation to explore all readily available sources of evidence that might benefit their clients." *People v. Makiel*, 358 Ill. App. 3d 102, 107 (2005).

¶ 10    The defendant maintains that significant evidence exists that would call into question his fitness and alert his trial counsel to the fact that he suffers from PTSD; specifically, the fact that he has been beaten numerous times, stabbed, and lost his eye in a previous attack. However, we cannot say that facts that the defendant endured previous acts of violence means that he suffers from PTSD, nor does it automatically follow that such facts would prompt an investigation into whether he suffered from PTSD. Based on our review of the record, the defendant never presented any evidence to his trial counsel—neither did he or his grandson state in their affidavits attached to the petition—that he was suffering from or previously suffered from PTSD or that he was suffering from any mental disorder. However, the record does reflect that the defendant was examined by a psychiatrist and a psychologist for his fitness prior to trial and sentencing and was found fit each time. Therefore, we cannot conclude that it was objectively unreasonable for trial counsel not to investigate whether the defendant was suffering from PTSD.

¶ 11    Even assuming that trial counsel's failure to investigate whether the defendant suffered from PTSD fell below an objective standard of reasonableness, we cannot say that the defendant has made an arguable showing of prejudice. Prejudice requires a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "[A] fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." *Id.* at 685. Whether trial counsel's failure to investigate constitutes ineffective assistance of counsel is determined by "the value of the evidence not presented at trial and the closeness of the evidence that was presented at trial." *People v. Harmon*, 2013 IL App (2d) 120439, ¶ 26.

¶ 12    The evidence presented at trial was not closely balanced; rather, the evidence against the defendant was considerable and established that the defendant fatally stabbed Thomas. The defendant asserted that his actions were in self-defense. However, his testimony to support this theory was evasive and inconsistent and his inconsistent testimony would not have somehow become consistent if it were determined that he was suffering from PTSD. The record reflects that the defendant initially did not recall the incident, that he then admitted to stabbing Thomas.  He testified that he acted in self-defense to avoid losing his remaining eye, that Thomas brought a knife to the motel room, that he could not recall from where Thomas drew the knife, that having one eye kept him from seeing from where Thomas drew the knife, that a third person was in the motel room, that he checked into the motel room with Thomas for privacy after she propositioned him, and that he had no physical relations with Thomas but could not remember or did not know how her pants were removed. The defendant also avoided answering questions that would have strongly impeached his testimony, and he became vague when pressed for any meaningful details

of the encounter. Contrary to the defendant's inconsistent and weak evidence, the State's evidence was strong. The State introduced evidence that the defendant had no injuries to his head or face despite his claims that the victim struck him with a bottle and that he stabbed her in self-defense. The State also introduced evidence that the victim exhibited defensive wounds to her hands. Given this evidence, we cannot say that the evidence presented at trial was closely balanced. As a result, we find that the defendant has not made a showing of a reasonable likelihood that any evidence that he suffered from PTSD would have changed the result of the trial. See *Guest*, 166 Ill. 2d at 401. We conclude, therefore, that the defendant failed to raise an arguable claim that his trial counsel was ineffective for failing to investigate whether he was suffering from PTSD at the time that he stabbed Thomas.

¶ 13 The defendant next argues that his postconviction counsel failed to provide him with reasonable assistance. A defendant has no right to counsel at the first stage of proceedings under the Act. *People v. Ligon*, 239 Ill. 2d 94, 118 (2010). However, if the defendant retains counsel at the first stage of proceedings, retained counsel must provide a reasonable level of assistance. *People v. Johnson*, 2018 IL 122227, ¶ 23.

¶ 14 On appeal from a first-stage summary dismissal, we apply a *Strickland*-like analysis to claims of unreasonable assistance by postconviction counsel. *People v. Zareski*, 2017 IL App (1st) 150836, ¶ 59. We evaluate whether the defendant has demonstrated prejudice by determining whether there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Zareski*, 2017 IL App (1st) 150836, ¶ 61; see *People v. Jackson*, 205 Ill. 2d 247, 259 (2001) ("To establish the prejudice prong [under *Strickland*], defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different."). Proof of prejudice cannot be based on mere conjecture or speculation. *People v. Bew*, 228 Ill. 2d 122, 135-36 (2008).

¶ 15    Again, given the considerable evidence presented against the defendant at trial, we cannot conclude that the defendant's postconviction counsel rendered unreasonable assistance by failing to attach affidavits of an expert witness asserting that he suffered from PTSD where there was no reasonable likelihood that any such evidence would have changed the result of the trial. Accordingly, we find that the trial court did not err when it summarily dismissed the defendant's postconviction petition, and we affirm the decision of the trial court.

¶ 16    Affirmed.