NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230059-U

NO. 4-23-0059

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 3, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| ADAM JEFFREY SCOTT, | ) | No. 16CF167 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Katherine S. Gorman, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Zenoff and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant was not denied reasonable assistance of postconviction counsel and
dismissal of his postconviction petition was proper.

¶ 2    In December 2021, the retained counsel of defendant, Adam Jeffrey Scott, filed a

postconviction petition on defendant's behalf.  By default, the postconviction petition advanced

to the second stage of the postconviction proceedings.  The State filed a motion to dismiss the

postconviction petition, and defendant's retained counsel filed a response.  In January 2023, the

Peoria County circuit court granted the State's motion to dismiss.  Defendant appeals, asserting

(1) the court erred in dismissing his postconviction petition as untimely and (2) he was denied

the reasonable assistance of retained postconviction counsel.  We affirm.

¶ 3                                I. BACKGROUND

¶ 4    In March 2016, a grand jury charged defendant with first degree murder (720

ILCS 5/9-1(a)(1) (West 2016)) in that, on February 8, 2016, he knowingly struck Hayward Hudson, a person over 60 years of age, on the head with a "machete type object" with the intent to kill him causing Hudson's death. It also indicted defendant on one count of knowing murder for Hudson's death. See 720 ILCS 5/9-1(a)(2) (West 2016).

¶ 5    On October 31, 2016, the circuit court commenced defendant's trial. The State presented numerous witnesses including Dr. Amanda Youmans, a forensic pathologist, who performed the autopsy on Hudson. She observed thirteen injuries to Hudson's head. His forehead had a three-inch laceration that was deep to the bone. On the right side of Hudson's head were twelve "separate but somewhat intermingled lacerations." He had "multiple skull fractures underneath these lacerated wounds and underlying brain hemorrhages and brain contusions, which is basically bleeding on the brain and bruising to the brain." Dr. Youmans further testified Hudson's wounds were consistent with "chop wounds." Such wounds are "a combination of being a cut wound with underlying crushing injury." They are caused by a "heavier-type weapon" with "at least one sharp cutting edge" and "used in a chopping manner." Dr. Youmans gave the following examples of the type of weapon that could have caused Hudson's injuries: (1) an ax, (2) a hatchet, (3) a meat cleaver, (4) a machete, and (5) the side of a shovel. A small simple knife or smaller weapon could not have caused the injuries. Dr. Youmans opined Hudson's cause of death was blunt force head trauma. Defense counsel did cross-examine Dr. Youmans, and she testified she found $300 in Hudson's pocket. She also testified Hudson's blood contained codeine, morphine, diphenhydramine, and opiates, which was consistent with heroin use.

¶ 6    At the end of the four-day trial, the jury found defendant guilty of first degree murder. Defendant raised *pro se* issues about his defense counsel, and after an inquiry under

*People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984), the circuit court appointed defendant new counsel. New counsel filed a motion raising numerous claims of ineffective assistance of counsel. After an evidentiary hearing, the court denied defendant's ineffective assistance of counsel claims. In September 2017, the court sentenced defendant to 45 years' imprisonment.

¶ 7　　　　Defendant appealed. On appeal, defendant raised numerous claims of ineffective assistance of counsel and prosecutorial misconduct. The reviewing court affirmed defendant's conviction and sentence. *People v. Scott*, 2020 IL App (3d) 170584-U.

¶ 8　　　　In December 2021, defendant's retained counsel filed a postconviction petition asserting defense counsel was ineffective for failing to object to Dr. Youmans's testimony regarding Hudson's injuries and the possible weapon that caused them because no foundation was presented for her opinion. The petition further contended none of that testimony was challenged on cross-examination and the issue was not raised in a posttrial motion. As such, the issue was not preserved for direct appeal and could only have been reviewed under the plain-error doctrine. Additionally, the petition contended ineffective assistance of *Krankel* counsel and appellate counsel for not raising the issue. The document attached to the petition was the transcript of Youmans's testimony. By default, the petition moved to the second stage of the postconviction proceedings.

¶ 9　　　　The State filed a motion to dismiss defendant's petition asserting the petition was untimely, the ineffective assistance claim was contradicted by the record, and the petition did not establish either prong of the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Retained postconviction counsel filed a response contending the petition was timely and a third stage hearing was warranted. As to the ineffective assistance of counsel claim, the response

asserted defense counsel failed to challenge Dr. Youmans's opinion Hudson's skull fracture was "the result of a 'chopping manner' caused by a 'heavier weapon' such as a 'machete.' " Defendant alleged Dr. Youmans's testimony a machete caused the fatal injuries was not supported by her credentials.

¶ 10 On November 9, 2022, the circuit court held a hearing on the State's motion to dismiss. The State withdrew its contention the petition was untimely but continued to assert defendant had failed to set forth a sufficient claim of ineffective assistance of counsel. Retained counsel asserted Dr. Youmans's testimony about the machete tied defendant to the crime and such an opinion was "outside the report." Thus, retained counsel claimed defense counsel should have challenged Dr. Youmans's qualifications to form the opinion and the basis for it. He asserted no strategic reason existed for not challenging Dr. Youmans's opinion. Retained counsel further argued Dr. Youmans's opinion was prejudicial because the State used it against defendant. After the State's rebuttal argument, the court took the matter under advisement.

¶ 11 At a January 12, 2023, hearing, the circuit court announced its decision to grant the State's motion to dismiss. The court found the petition was untimely, but even if it was timely, "defendant has failed to establish a deprivation of his constitutional rights, and the record makes that clear."

¶ 12 On January 18, 2023, defendant filed a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. March 12, 2021). See Ill. S. Ct. R. 651(d) (eff. July 1, 2017) (providing the supreme court rules governing criminal appeals apply to appeals in postconviction proceedings). Accordingly, this court has jurisdiction under Illinois Supreme Court Rule 651(a) (eff. July 1, 2017).

¶ 13                                    II. ANALYSIS

¶ 14     The Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq*. (West 2020)) provides a remedy for defendants who have suffered a substantial violation of constitutional rights at trial. *People v. Pendleton*, 223 Ill. 2d 458, 471, 861 N.E.2d 999, 1007 (2006). The Postconviction Act sets forth three stages of proceedings. *Pendleton*, 223 Ill. 2d at 471-72, 861 N.E.2d at 1007. At the first stage, the circuit court independently reviews the defendant's postconviction petition and determines whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2020). If it finds the petition is frivolous or patently without merit, the court must dismiss the petition. 725 ILCS 5/122-2.1(a)(2) (West 2020). If the court does not dismiss the petition, it proceeds to the second stage, where the court may appoint counsel for an indigent defendant. *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1007. Defense counsel may amend the defendant's petition to ensure his or her contentions are adequately presented. *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1007. Also, at the second stage, the State may file a motion to dismiss the defendant's petition or an answer to it. *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1008. If the State does not file a motion to dismiss or the court denies such a motion, the petition advances to the third stage, wherein the court holds a hearing at which the defendant may present evidence in support of his or her petition. *Pendleton*, 223 Ill. 2d at 472-73, 861 N.E.2d at 1008. At both the second and third stages of the postconviction proceedings, "the defendant bears the burden of making a substantial showing of a constitutional violation." *Pendleton*, 223 Ill. 2d at 473, 861 N.E.2d at 1008. A substantial showing means the allegations, if proven at an evidentiary hearing, would entitle the petitioner to relief. *People v. Domagala*, 2013 IL 113688, ¶ 35, 987 N.E.2d 767. In this case, the State filed a motion to dismiss, and the court granted that motion.

¶ 15     With the second stage of the postconviction proceedings, the circuit court is

concerned merely with determining whether the petition's allegations sufficiently demonstrate a constitutional infirmity that would necessitate relief under the Postconviction Act. *People v. Coleman*, 183 Ill. 2d 366, 380, 701 N.E.2d 1063, 1071 (1998). At this stage, "all well-pleaded facts that are not positively rebutted by the trial record are to be taken as true." *Pendleton*, 223 Ill. 2d at 473, 861 N.E.2d at 1008. The court reviews the petition's factual sufficiency as well as its legal sufficiency in light of the trial court record and applicable law. *People v. Alberts*, 383 Ill. App. 3d 374, 377, 890 N.E.2d 1208, 1212 (2008). However, when a petitioner's claims are based upon matters outside the record, our supreme court has emphasized the Postconviction Act does not intend such claims to be adjudicated on the pleadings. *People v. Simms*, 192 Ill. 2d 348, 360, 736 N.E.2d 1092, 1105 (2000). At a dismissal hearing, the court is prohibited from engaging in any fact finding. *Coleman*, 183 Ill. 2d at 380-81, 701 N.E.2d at 1071. Thus, the dismissal of a postconviction petition at the second stage is warranted only when the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation. *Coleman*, 183 Ill. 2d at 388, 701 N.E.2d at 1075. We review *de novo* the circuit court's dismissal of a postconviction petition at the second stage. *Pendleton*, 223 Ill. 2d at 473, 861 N.E.2d at 1008.

¶ 16 Defendant appeals the dismissal of his postconviction petition at the second stage of the proceedings first contending the circuit court erred by dismissing his petition as untimely. The State concedes that error but asserts the dismissal was proper on the merits. Defendant argues he was denied reasonable assistance of counsel. He specifically alleges retained postconviction counsel provided unreasonable assistance by not (1) attaching any documentation showing the contents of Dr. Youmans's disclosure and (2) arguing prejudice for the ineffective assistance of counsel claim in the postconviction petition. Defendant claims both errors created

- 6 -

a bar to advancing the petition to the third stage. The State asserts Rule 651(c) does not control defendant's unreasonable assistance of counsel claim and thus he must show prejudice to establish unreasonable assistance of counsel. The State notes defendant did not argue prejudice in his appellant brief, and thus any claim of prejudice is forfeited. It further contends, even if forfeiture does not apply, defendant cannot establish prejudice.

¶ 17    In postconviction proceedings, a defendant is entitled to the reasonable assistance of counsel, regardless of whether the attorney is appointed or retained and whether the proceedings are at the first, second, or third stage. *People v. Urzua*, 2023 IL 127789, ¶ 51. The reasonable assistance standard is "significantly lower than the one mandated at trial by our state and federal constitutions." *People v. Custer*, 2019 IL 123339, ¶ 30, 155 N.E.3d 374. While Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) does set forth some duties postconviction counsel must undertake at the second stage of proceedings (*Urzua*, 2023 IL 127789, ¶ 54), it only applies to a postconviction petition initially filed by a *pro se* defendant (*People v. Cotto*, 2016 IL 119006, ¶ 41, 51 N.E.3d 802). As such, it does not apply in this case.

¶ 18    In *Cotto*, 2016 IL 119006, ¶ 50, our supreme court considered postconviction counsel's performance when Rule 651(c) did not apply at the second stage of the proceedings. There, it reviewed the record and rejected the claim of unreasonable assistance of counsel finding counsel had discharged his duties. *Cotto*, 2016 IL 119006, ¶ 50. The defendant had argued his postconviction counsel had inadequately explained the untimeliness of the defendant's postconviction petition preventing him from prevailing on the merits of his petition. *Cotto*, 2016 IL 119006, ¶ 44. The supreme court noted the defendant failed to explain what additional information should have been included by postconviction counsel regarding the timeliness issue and did not identify when he retained postconviction counsel in relation to the

filing deadline for his petition. *Cotto*, 2016 IL 119006, ¶ 50. Moreover, the supreme court emphasized the record demonstrated the defendant's petition was not dismissed as untimely and the circuit court did review the defendant's claims on their merits. *Cotto*, 2016 IL 119006, ¶ 50.

¶ 19        Later, in *People v. Johnson*, 2018 IL 122227, ¶ 6, 123 N.E.3d 1083, our supreme court addressed the assistance of counsel at the first stage of the postconviction proceedings, where the defendant had raised in a supplemented motion to reconsider claims his retained counsel had not raised in the postconviction petition. Our supreme court found both the defendant was entitled to reasonable assistance of counsel at the first stage and a claim of unreasonable assistance of counsel could be raised in a motion to reconsider. *Johnson*, 2018 IL 122227, ¶¶ 22-23. Since the circuit court did not recognize the defendant was entitled to reasonable assistance of counsel at the first stage and did not address the defendant's motion to reconsider, the supreme court found remand was necessary for the circuit court to consider the defendant's supplemented motion to reconsider. *Johnson*, 2018 IL 122227, ¶ 24. It gave the following directions on remand:

> "If the circuit court determines the claims raised in [the] defendant's supplemented motion to reconsider are frivolous or patently without merit, then the failure to include those claims would not amount to a denial of reasonable assistance of counsel, and defendant would not be entitled to relief on his motion to reconsider. However, if the circuit court determines that one or more of the claims are not frivolous or patently without merit and if the court determines that [the] defendant's attorney was aware of such claims and refused to include them, then defendant should be permitted to amend his petition with the claims and proceed to the second stage of postconviction proceedings." *Johnson*, 2018 IL

- 8 -

122227, ¶ 24.

¶ 20    A reading of both *Cotto* and *Johnson* indicates the retained counsel's alleged failure to do something must have actually and detrimentally impacted the advancement of the defendant's petition to the next stage of the proceedings.  We note the supreme court's more recent opinions in *People v. Addison*, 2023 IL 127119, ¶ 33, and *Urzua*, 2023 IL 127789, ¶ 59, involved situations where Rule 651(c) applied to postconviction counsel.  We do recognize the supreme court stated in *Addison* the following:  "Our case law thus clearly establishes that *all* postconviction petitioners are entitled to have counsel comply with the limited duties of Rule 651(c) before the merits of their petitions are determined."  (Emphasis in original.)  *Addison*, 2023 IL 127119, ¶ 37.  However, the cases discussed in *Addison* all involved situations where Rule 651(c) applied.  The *Addison* decision did not specifically address a situation where Rule 651(c) did not apply because the original petition was not filed *pro se*.

¶ 21    This court has stated the following where a postconviction petition filed by retained counsel was dismissed at the second stage of the proceedings:

> "Where Rule 651(c) does not apply, to justify a remand on a claim of unreasonable assistance, a defendant must identify some meritorious postconviction claim that he or she lost due to counsel's conduct.  In other words, had counsel done the things the defendant claims should have been done (including filing the petition on time or attempting to excuse the untimely filing), the postconviction proceedings would have advanced to the next stage or the trial court would have granted the defendant postconviction relief."  *People v. Perez*, 2023 IL App (4th) 220280, ¶ 54, *petition for leave to appeal pending*, No. 129608 (filed Apr. 26, 2023).

While this court analyzed the issue as whether remand for unreasonable assistance was warranted and the supreme court addressed whether counsel's performance constituted unreasonable assistance, the consideration was the same. As such, we consider whether retained counsel's alleged failure to (1) attach Dr. Youmans's report to the postconviction petition and (2) fully develop the prejudice prong of *Strickland* had an actual and detrimental impact on advancement of defendant's postconviction petition to the third stage of the postconviction proceedings.

¶ 22 In his postconviction petition, defendant argued defense counsel was ineffective for failing to object to Dr. Youmans's opinion testimony because the State did not establish a foundation for her opinion. He further noted the testimony was not tested or challenged during cross-examination. At the second stage of the postconviction proceedings, the defendant must make a substantial showing of a constitutional violation. *Pendleton*, 223 Ill. 2d at 473, 861 N.E.2d at 1008. To establish ineffective assistance of counsel under *Strickland*, a defendant must prove (1) counsel's performance failed to meet an objective standard of competence and (2) counsel's deficient performance resulted in prejudice to the defendant. *People v. Evans*, 186 Ill. 2d 83, 93, 708 N.E.2d 1158, 1163-64 (1999). With the deficiency prong, the defendant must demonstrate counsel made errors so serious and counsel's performance was so deficient that counsel was not functioning as "counsel" guaranteed by the sixth amendment (U.S. Const., amend. VI). *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. Further, the defendant must overcome the strong presumption the challenged action or inaction could have been the product of sound trial strategy. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. To satisfy the prejudice prong, the defendant must prove a reasonable probability exists that, but for counsel's unprofessional errors, the proceeding's result would have been different. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at

1163-64. Thus, we turn to whether retained counsel's alleged inactions prohibited defendant's petition from moving to the third stage of the proceedings.

¶ 23    The postconviction petition asserted defense counsel was ineffective for failing to object to Dr. Youmans's opinion testimony and to challenge it during cross-examination. Regarding deficiency, "[c]ounsel's strategic choices are virtually unchallengeable." *People v. Manning*, 241 Ill. 2d 319, 333, 948 N.E.2d 542, 550 (2011). What matters to object to during trial is part of counsel's trial strategy. *People v. Jackson*, 2020 IL 124112, ¶ 106, 162 N.E.3d 223. Whether and how to conduct a cross-examination is also generally a matter of trial strategy. *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 83, 126 N.E.3d 703. Dr. Youmans testified Hudson's numerous head wounds were "chop wounds." She explained such wounds are caused by a weapon with "at least one sharp cutting edge" and "a heavier-type weapon used in a chopping manner." When asked what kind of weapon could have caused the wounds, she listed five objects, one of which was a machete. Contrary to defendant's assertion, she did not specifically opine the wounds were caused by a machete. Regardless, the fact a machete could cause a chop wound does not need expert testimony. As such, attaching Dr. Youmans's report to the postconviction petition would not have made a substantial showing defense counsel's actions were not trial strategy. Regarding prejudice, even if defense counsel objected to Dr. Youmans's testimony regarding the examples of weapons that could cause chop wounds and the testimony was stricken, it would not have impacted defendant's conviction because it is commonly understood a machete could cause a chop wound. Thus, defendant has not shown his claim could be amended to make a substantial showing of ineffective assistance of counsel.

¶ 24    Accordingly, we find the circuit court's dismissal of defendant's postconviction petition was proper.

- 11 -

¶ 25                                        III. CONCLUSION

¶ 26            For the reasons stated, we affirm the Peoria County circuit court's dismissal of
defendant's petition at the second stage of the postconviction proceedings.

¶ 27            Affirmed.