# Illinois Official Reports

## Appellate Court

---

### *People v. Moore*, 2019 IL App (3d) 170485

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD A. MOORE, Defendant-Appellant. |
| District & No. | Third District<br>No. 3-17-0485 |
| Rule 23 order filed<br>Motion to<br>publish allowed<br>Opinion filed | November 19, 2019<br><br>December 9, 2019<br>December 9, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Grundy County, No. 91-CF-54; the Hon. Robert C. Marsaglia, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and Sean Conley, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Jason Helland, State's Attorney, of Morris (Patrick Delfino, Thomas D. Arado, and Kelly A. Krapf, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

PRESIDING JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justices Carter and Lytton concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Edward A. Moore, appeals from the denial of his motion for leave to file a successive postconviction petition. Defendant argues he received unreasonable assistance of appointed counsel. We affirm.

¶ 2                                   I. BACKGROUND

¶ 3     In 1992, a jury found defendant guilty of seven counts of first degree murder (Ill. Rev. Stat. 1991, ch. 38, ¶ 9-1(a)(1), (2), (3)) and one count each of home invasion (*id.* ¶ 12-11), aggravated criminal sexual assault (*id.* ¶ 12-14), robbery (*id.* ¶ 18-1), residential burglary (*id.* ¶ 19-3), and arson (*id.* ¶ 20-1). The jury also found defendant eligible for the death penalty, and the circuit court of Grundy County imposed a death sentence. On January 11, 2003, Governor George Ryan commuted defendant's sentence to a term of natural life imprisonment.

¶ 4     On October 6, 2016, defendant filed a *pro se* motion for leave to file a successive postconviction petition. In the subsection titled "Cause," defendant argued that the "judgment and sentence" were unconstitutional and void. In the subsection titled "Prejudice," defendant argued: (1) the state's attorney lacked jurisdiction to file the indictment and prosecute defendant; (2) "the statutes he is under are unconstitutional"; (3) the home invasion and aggravated criminal sexual assault statutes were unconstitutional, and therefore, those charges should not have been put before the jury and violated defendant's right to due process; and (4) his present sentence is unconstitutional. Defendant filed a *pro se* postconviction petition with his motion for leave.

¶ 5     On December 30, 2016, defendant filed a motion for the appointment of counsel. During a hearing on the motion, the court told defendant that he needed leave of the court to file his successive postconviction petition. Defendant responded that he had filed a motion for leave, but the court had not ruled on it. The court appointed counsel to represent defendant.

¶ 6     Appointed counsel filed an amended successive postconviction petition. The amended petition included a brief summary of the history of the case and asked the court to "vacate and void the Judgment and Sentence." The amended petition contained no legal arguments. Counsel filed with the amended petition a copy of the *pro se* postconviction petition that defendant had filed with his motion for leave. Counsel made no cause and prejudice argument and did not file a separate motion for leave.

¶ 7     Following counsel's appointment, defendant filed several *pro se* motions that complained of the reasonableness of counsel's performance. On June 26, 2017, the court held a hearing on defendant's *pro se* motions. At the beginning of the hearing, the State said that although defendant had filed numerous letters and pleadings, the court had not yet granted defendant leave to file his successive postconviction petition. Appointed counsel responded that defendant had filed a motion for leave to file a successive postconviction petition and was now seeking to have counsel's appointment vacated. Defendant agreed with counsel's statement

and said that he had filed a motion for leave to file a successive postconviction petition. Defendant further noted that appointed counsel had not filed a motion for leave. The State suggested that the court rule on defendant's *pro se* motion for leave before it addressed defendant's concerns about appointed counsel. Appointed counsel agreed that the court needed to rule on the motion for leave and said, "I think perhaps my appointment was premature." Defendant also agreed that the court needed to rule on his motion for leave. The court asked if the State intended to respond to the motion for leave. The State made a general objection to the motion. The court denied leave, finding defendant had not satisfied the cause and prejudice test. Defendant appeals.

¶ 8                                              II. ANALYSIS

¶ 9        Defendant argues that the appointed counsel provided unreasonable assistance at the leave to file stage of this successive postconviction proceeding.

¶ 10      Initially, we note that the court did not err in denying defendant leave to file the successive postconviction petition. To obtain leave of the court, defendant must show cause for his failure to bring the claim in his initial postconviction petition and prejudice resulting from that failure. 725 ILCS 5/122-1(f) (West 2016).

¶ 11      Here, defendant failed to support his claims of cause and prejudice with any assertions of fact. In the "cause" section of defendant's motion, defendant generically alleged that the judgment was void and that a void judgment can be attacked at any time. While defendant's assertion that a void judgment can be attacked at any time is based in law, it is wholly unsupported by any citations to the record or arguments regarding the facts of the case. In the "prejudice" section of the motion, defendant made several general assertions of prejudice. These general assertions are insufficient to warrant leave to file a successive postconviction petition because they too fail to cite or reference specific factual occurrences in the record.

¶ 12      Turning to defendant's specific claim that postconviction counsel failed to provide him reasonable assistance, we emphasize that the Post-Conviction Hearing Act (Act) permits the appointment of counsel only after a petition has advanced to the second stage of proceedings. *Id.* § 122-4. In the present case, the court appointed counsel to represent defendant at the leave to file stage. Under the plain language of the Act, defendant has no right to counsel at this stage. *Id.* § 122-1(f). Therefore, defendant cannot complain of the reasonableness of counsel's assistance as he did not have the right to counsel. See *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (where a defendant does not have a constitutional right to counsel to pursue a discretionary state appeal or application for review in the supreme court, he cannot be deprived of the effective assistance of counsel resulting from counsel's failure to file a timely application); see also *People v. Stephens*, 2012 IL App (1st) 110296, ¶¶ 117-18 (holding "[i]f defendant did not have the right to counsel, appellate counsel could not have been ineffective in failing to preserve all of defendant's claims").

¶ 13      In coming to this conclusion, we reject the defendant's reliance upon *People v. Walker*, 2018 IL App (3d) 150527. In *Walker*, the circuit court appointed counsel to represent a defendant after defendant filed a *pro se* petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)). Appointed counsel did not amend defendant's section 2-1401 petition to overcome the timeliness bar, and the court granted the State's motion to dismiss. On appeal, defendant argued that counsel had provided inadequate assistance. This court found that where the circuit court appointed counsel solely

in an exercise of its discretion, counsel had failed to provide adequate assistance under either the reasonable assistance standard applicable to postconviction proceedings or the due diligence standard set forth by the supreme court in *Tedder v. Fairman*, 92 Ill. 2d 216, 227 (1982). *Walker*, 2018 IL App (3d) 150527, ¶¶ 8, 29.

¶ 14 Here, unlike *Walker*, the court appointed counsel to assist defendant in his successive postconviction proceeding. The Act clearly provides that defendant only has the right to the assistance of counsel at the second stage of postconviction proceedings. *Supra* ¶ 12. As defendant had not yet reached the first stage, let alone the second stage, the court's appointment of counsel was both premature and unsupported by the Act.

¶ 15                                III. CONCLUSION

¶ 16 For the foregoing reason, we affirm the judgment of the circuit court of Grundy County.

¶ 17 Affirmed.