2023 IL App (3d) 210305

Opinion filed April 5, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| THE PEOPLE OF THE STATE OF | ) | Appeal from the Circuit Court |
|---|---|---|
| ILLINOIS, | ) | of the 21st Judicial Circuit, |
| | ) | Iroquois County, Illinois. |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-21-0305 |
| v. | ) | Circuit No. 09-CF-86 |
| | ) | |
| BRIAN L. GARRETT, | ) | Honorable |
| | ) | Ronald J. Gerts, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court, with opinion.
Justices McDade and Peterson concurred in the judgment and opinion.

_____

**OPINION**

¶ 1    Defendant, Brian L. Garrett, appeals the Iroquois County circuit court's order denying him leave to file a successive postconviction petition. Defendant argues that he was deprived of reasonable assistance where counsel failed to amend defendant's successive postconviction petition to meet the cause and prejudice test. He further argues that the court failed to give an independent review of his motion for leave to file a successive postconviction petition because the court considered the pleading filed by counsel. Last, defendant argues that the court erred by holding that his guilty plea barred his actual innocence claim. We affirm.

I. BACKGROUND

The State charged defendant with four counts of first degree murder (720 ILCS 5/9-1(a)(1), (2) (West 2008)), for the deaths of Robert Wood and Ralph Elsey. Defendant was declared unfit to stand trial. A subsequent fitness evaluation noted that defendant suffered from paranoia and believed that his girlfriend, Tricia Hall, and her mother wanted him out of his daughter's life and included the following quote from defendant: "My lady killed them two guys, they just want me out of my baby's life." Following treatment, he was restored to fitness. The court appointed defendant a psychiatric expert witness for the purpose of considering an insanity defense. The expert's report was filed on December 29, 2011, and noted that defendant functioned "in the mild mental retardation range of intelligence." The report indicated that an insanity defense would not be supported. The report further stated that there could be a legal basis for establishing mitigating circumstances, including "[l]imited judgment and reasoning due to mental retardation," "[p]ossible concern over his ex-girlfriend's safety," and/or "[d]iminished capacity due to anxiety and depression."

On January 27, 2012, the parties informed the court that they had reached a plea agreement. Pursuant to the agreement, the State added a charge of second degree murder (*id.* § 9-2(a)(2)), which alleged that defendant, when he killed Elsey, unreasonably believed the circumstances to be such that, if they existed, would justify or exonerate the killing. Defendant agreed to plead guilty to the newly added charge, as well as the first degree murder of Wood. In exchange, the State agreed to nol-pros the remaining charges and defendant would be sentenced to 50 years' imprisonment for first degree murder with a concurrent term of 15 years' imprisonment for second degree murder. The court asked defendant various questions and admonished him, including explaining what a jury trial was and stating that he had the right to a

jury trial. The court confirmed with defendant that he was giving up the right to a jury trial by entering the plea agreement. The court accepted the plea as having been knowingly, understandingly, and voluntarily made. The State provided a factual basis. It indicated that testimony and evidence would indicate that Wood, Elsey, and Hall resided together. Defendant encountered Wood sleeping in a chair outside the residence and repeatedly stabbed him. Hall and Elsey came to the door to investigate the commotion. Hall would testify that she then saw defendant stab Elsey. There would also be testimony that defendant had a mistaken belief of self-defense when he stabbed Elsey. Additionally, the State indicated that there would be testimony from officers with a sheriff's department in Indiana regarding statements defendant made in connection to the murders. The court found that the factual basis supported the guilty pleas. The court sentenced defendant in accordance with the plea agreement.

¶ 5        Defendant did not file an appeal. In 2014, defendant filed, as a self-represented litigant, a postconviction petition alleging ineffective assistance due to plea counsel's failure to advise the court that defendant was only guilty of second degree murder and failure to investigate defendant's statement to counsel that Hall murdered Wood. Defendant further argued that he was forced to plead guilty to first degree murder. Defendant attached to the petition an affidavit alleging that Hall stabbed Wood and that, when Elsey came out to investigate the commotion, Hall yelled that defendant had killed Wood. According to defendant, Elsey then grabbed him and they struggled, and that is when Elsey was stabbed. The court dismissed the petition at the first stage. Defendant appealed.

¶ 6        While the appeal was pending, defendant, as a self-represented litigant, filed a motion for leave to file a successive postconviction petition, arguing that he did not understand the plea

3

proceedings because of cognitive deficiencies and that his plea counsel was ineffective. The court denied leave. Defendant appealed.

¶ 7     The appeals from the dismissal of defendant's postconviction petition and denial of his motion for leave to file a successive petition were consolidated. In the appeal, defendant argued that his concurrent sentences were void. This court affirmed, holding that defendant could not rely on the void sentence rule and that since he raised this argument for the first time on appeal, the argument was forfeited. *People v. Garrett*, No. 3-14-0740 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 8     In January 2019, defendant, as a self-represented litigant, filed a motion for leave to file a successive postconviction petition, along with a proposed successive petition. The successive petition alleged that defendant's sentence violated the proportionate penalties clause of the Illinois Constitution and the eighth amendment of the United States Constitution because sentencing protections available to juveniles also apply to those with intellectual disabilities. In support of this argument, defendant cited *People v. Coty*, 2018 IL App (1st) 162383. The petition further alleged that plea counsel provided ineffective assistance because he failed to investigate and present a diminished mental capacity defense, which would negate the specific mental state essential to a first degree murder conviction. Regarding cause, defendant alleged that the claims were so novel that there was no legal basis to raise them in previous petitions.

¶ 9     Prior to deciding the motion for leave, the court appointed counsel to represent defendant. The court advised that it wanted counsel to review defendant's filings. The court noted the difficulty in pursuing a successive postconviction petition and wished for it to be filed with the assistance of a lawyer to give defendant the best chance.

4

¶ 10    There were numerous status hearings, as appointed counsel familiarized himself with the record and corresponded with defendant. At one hearing, counsel said he had received discovery from the underlying matter and was not finished drafting the petition. At a later hearing, counsel told the court that he drafted a petition but that he needed corroborating information in the form of an affidavit from defendant. Counsel said that he would mail the affidavit to defendant but would likely need to read it to him over the phone. At the next hearing, counsel again said that he drafted a petition but that the State was going to provide him with the original police report so that he could look into any potential evidentiary issues. Later, counsel said he prepared the petition and that he believed defendant needed to sign the supporting affidavit but did not yet have it. Counsel asked if he could sign on defendant's behalf, but the court advised counsel that it was important for defendant to agree with what counsel was presenting. Counsel stated that he mailed a copy to defendant and would likely have to read it to defendant. At the next hearing in May 2021, counsel told the court that defendant had signed the petition and he was filing it *instanter*. In discussing whether the petition was a successive petition, counsel stated that it was successive and that defendant's "position now is that he didn't fully understand what was going on. There were a multitude of issues that were raised in the previous petition including ineffective assistance of counsel."

¶ 11    Counsel's petition alleged actual innocence and ineffective assistance of plea counsel for failing to challenge the sufficiency of the evidence and the excessive sentence. The petition argued that defendant would not have pled guilty absent plea counsel's erroneous advice. The petition further argued that plea counsel failed to investigate alternative theories. One theory was that Hall was responsible for the murders as she told police she was present at the time the murders occurred. Additionally, plea counsel advised defendant to plead guilty, despite his

5

learning and intellectual disabilities. The petition argued that defendant did not understand the ramifications of his plea or that he could present alternative theories at trial. Last, the petition alleged that defendant was not afforded the opportunity to present evidence of his actual innocence or challenge the State's evidence at trial. The petition is signed by defendant.

¶ 12      The court denied the motion for leave to file a successive postconviction petition. It acknowledged that the actual innocence claim was an exception to the cause and prejudice requirement for filing successive petitions, but that defendant presented no newly discovered evidence to support his theory that Hall committed the murders. The court's order further noted that defendant could have provided his version of events at a trial but had abandoned this claim when he chose to accept a plea bargain and that he could not relitigate that plea bargain. The court found that the ineffective assistance claim was subject to the cause-and-prejudice analysis, but that defendant failed to demonstrate cause for the failure to raise his issues earlier. Defendant appeals.

¶ 13      II. ANALYSIS

¶ 14      Defendant argues that remand is necessary for further proceedings on his motion for leave to file a successive postconviction petition. In support, he argues that (1) postconviction counsel failed to provide reasonable assistance because he failed to amend defendant's successive postconviction petition to meet the cause and prejudice test, (2) the court failed to independently review his *pro se* motion for leave to file a successive postconviction petition because the court considered counsel's pleading, and (3) the court erred by holding that defendant's guilty plea barred his actual innocence claim.

¶ 15      The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a three-stage process for criminal defendants to assert that their convictions resulted from a

substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9-10 (2009). Proceedings are commenced by the filing of a postconviction petition. *Id.* at 9. If the petition is not dismissed at the first stage as frivolous and patently without merit, it advances to the second stage. *Id.* at 10. Defendant is not entitled to counsel until the second stage. See 725 ILCS 5/122-4 (West 2018); see also *People v. Ligon*, 239 Ill. 2d 94, 118 (2010) (determining that defendants do not have the right to appointment of counsel at the first stage). Although the Act does not provide for the appointment of counsel prior to the second stage, the court has the general discretion to appoint counsel and a defendant may privately retain counsel. See, *e.g.*, *Tedder v. Fairman*, 92 Ill. 2d 216, 226-27 (1982) (determining that the court did not abuse its discretion by appointing counsel to represent a prisoner in a case alleging a deprivation of civil rights and noting that, although there was no legislative mandate to appoint counsel, the applicable statute did not preclude the appointment); *People v. Johnson*, 2018 IL 122227, ¶ 19 (discussing the level of assistance required of privately retained counsel at the first stage of postconviction proceedings).

¶ 16        Only one petition may be filed without leave of court. 725 ILCS 5/122-1(f) (West 2018). There are "two bases upon which the bar against successive proceedings will be relaxed." *People v. Edwards*, 2012 IL 111711, ¶ 22. "The first basis for relaxing the bar is when a petitioner can establish 'cause and prejudice' for the failure to raise the claim earlier." *Id.* "[A] prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2018). The second basis is the "fundamental miscarriage of justice" exception. (Internal quotation marks omitted.) *Edwards*, 2012 IL 111711, ¶ 23. "In order to demonstrate a miscarriage of justice to excuse the application of the procedural bar, a petitioner must show actual innocence." *Id.* To

establish actual innocence based upon newly discovered evidence, the "evidence must be new, material, and noncumulative, and it must be of such conclusive character that it would probably change the result on retrial." *People v. Barrow*, 195 Ill. 2d 506, 540-41 (2001). Newly discovered evidence is "evidence that was not available at defendant's trial and that the defendant could not have discovered sooner through diligence." *Id.* at 541.

¶ 17    Initially, we note that the parties dispute what standard of assistance, if any, postconviction counsel was required to provide when defendant was not entitled to appointment of counsel. Defendant argues that counsel was required to provide reasonable assistance. The State argues that because defendant has no right to counsel at the leave-to-file stage, he cannot complain about the level of assistance he received from counsel. In *Johnson*, 2018 IL 122227, ¶ 19, our supreme court rejected a similar argument from the State in relation to the first stage of postconviction proceedings where defendant had privately retained counsel. It stated that "recognizing no level of required assistance at the first stage of postconviction proceedings would defeat the purpose of the Act." *Id.* The court noted that it had long held that at the second and third stage of proceedings defendants were entitled to a reasonable level of assistance from counsel and held that the reasonable assistance standard should apply to the first stage as well. *Id.* ¶¶ 16, 23.

¶ 18    Considering *Johnson*, we conclude that defendant was similarly entitled to reasonable assistance of his appointed counsel at the leave-to-file stage. In reaching this conclusion, we are cognizant of this court's contrary decision in *People v. Moore*, 2019 IL App (3d) 170485, but believe it to be wrongly decided. See *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 440 (2008) ("[T]he opinion of one district, division, or panel of the appellate court is not binding on other districts, divisions, or panels."). The *Moore* court held that because a

8

defendant is not entitled to the appointment of counsel until the second stage of proceedings, a defendant with appointed counsel at the leave-to-appeal stage "cannot complain of the reasonableness of counsel's assistance as he did not have the right to counsel." *Moore*, 2019 IL App (3d) 170485, ¶ 12. This, however, was effectively the same procedural posture faced by the *Johnson* defendant, *i.e.*, represented by counsel at a stage in the postconviction process where defendant was not entitled to the appointment of counsel. We note that while the supreme court's opinion in *Johnson* was decided the year before, the *Moore* court neither referenced nor distinguished the holding in *Johnson.* Applying the rationale of *Johnson*, 2018 IL 12227, ¶ 16, we similarly hold that appointed or retained counsel at the leave-to-appeal stage similarly owe a defendant reasonable assistance.

¶ 19        We acknowledge that the trial court had no duty to appoint defense counsel at the leave-to-file stage; however, once counsel was appointed, defendant was entitled to reasonable assistance pursuant to *Johnson*. Turning to whether postconviction counsel provided reasonable assistance, we note that when counsel files a compliant Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) certificate, it creates a rebuttable presumption that counsel provided reasonable assistance. See *People v. Smith*, 2022 IL 126940, ¶ 29. However, Rule 651(c) "applies only to those defendants who file their initial petition *pro se* and who are appointed counsel at the second stage." *Johnson*, 2018 IL 122227, ¶ 18. When Rule 651(c) does not apply, the court applies a general reasonable assistance standard, which is lower than the effective assistance standard. *People v. Zareski*, 2017 IL App (1st) 150836, ¶¶ 50, 58-59. Although not clearly defined, it appears that to prove unreasonable assistance, a defendant needs to show some level of deficient performance by counsel and prejudice. *Id.* ¶ 60 ("[I]n evaluating the performance of

9

postconviction counsel, whether the petitioner was prejudiced (at a minimum) should be part of the inquiry.").

¶ 20    Here, because counsel was appointed at the leave-to-file stage for a successive petition, Rule 651(c) does not apply. Turning to the general reasonable assistance standard, we note that, contrary to defendant's argument, postconviction counsel's failure to allege cause and prejudice is not *per se* unreasonable. As set forth above, there are two ways to relax the bar to filing a successive petition, and counsel raised one of them—actual innocence. Moreover, defendant has suffered no prejudice from the failure to argue cause, as he fails to state what postconviction counsel could have possibly alleged for cause when the claims raised in defendant's successive petition would have clearly been apparent from the record at the time defendant filed his initial postconviction petition. See, *e.g.*, *People v. Greer*, 212 Ill. 2d 192, 205 (2004) (providing that postconviction counsel is not required "to advance frivolous or spurious claims on defendant's behalf"). This is especially so, considering that the issues raised in defendant's successive petition and postconviction counsel's petition are similar to those raised in defendant's previous filings—ineffective assistance of plea counsel, a lack of understanding of the plea agreement, defendant's mental disabilities, and actual innocence based purely on defendant's version of events that Hall killed Wood.

¶ 21    Further, while defendant's proportionate penalties and eighth amendment challenge to his sentence may have been a somewhat new issue at the time, as he raised it in his *pro se* successive petition, the claim was premised on a then-recent appellate court opinion—*Coty*, 2018 IL App (1st) 162383, which was subsequently reversed by the supreme court. See *People v. Coty*, 2020 IL 123972. Based on the foregoing, we conclude that defendant was not deprived of the reasonable assistance of counsel.

¶ 22    As to defendant's argument that the court failed to independently review his motion for leave to file a successive postconviction petition because it considered his appointed counsel's filing, the case law relied on by defendant only prohibits the State from participating at the leave-to-file stage. See generally *People v. Bailey*, 2017 IL 121450; see also *People v. Coffey*, 2020 IL App (3d) 160427, ¶¶ 20-21. The case law does not prohibit appointed or privately retained counsel from representing a defendant during the leave-to-file proceeding. Moreover, because the court has discretion to appoint counsel and defendants are allowed to privately retain counsel, it would be illogical to hold that the court was prohibited from considering any filings from defendant's appointed counsel. See *supra* ¶ 15. As the court noted, counsel was appointed for defendant's benefit.

¶ 23    Last, defendant argues that the court erred by holding his actual innocence claim was barred by his guilty plea. However, this was not the court's holding. The court actually held that defendant provided no newly discovered evidence or analysis to support his theory that Hall committed the murders. Although the court mentioned that defendant chose to abandon his claim that Hall committed the murders when he pled guilty and that he could have had a trial where he gave his version of events, the court did not use that as the basis to deny leave. Rather, these comments were responding to an argument in postconviction counsel's petition that defendant was not afforded the opportunity to present evidence of his actual innocence or challenge the State's evidence at trial. In sum, the court properly determined that defendant failed to present any newly discovered evidence of actual innocence and these comments do not render the otherwise proper decision erroneous.

¶ 24    Based on the foregoing, we conclude that defendant was provided reasonable assistance of postconviction counsel and there is no basis to remand for further proceedings.

## III. CONCLUSION

The judgment of the circuit court of Iroquois County is affirmed.

Affirmed.

*People v. Garrett*, **2023 IL App (3d) 210305**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Iroquois County, No. 09-CF-86; the Hon. Ronald J. Gerts, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Karalis, and Drew Charles Parsons, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | James Devine, State's Attorney, of Watseka (Patrick Delfino, Thomas D. Arado, and Kelly A. Krapf, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |