NOTICE

Decision filed 05/08/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220377-U

NO. 5-22-0377

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 15-CF-413 |
| | ) | |
| ANTONIO D. FLETCHER-BEY, | ) | Honorable |
| | ) | Janet R. Heflin, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Cates and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's dismissal of defendant's motion for leave to file a successive postconviction petition is affirmed where defendant failed to raise any argument regarding prejudice as to his claim of unreasonable assistance by his appointed postconviction counsel.

¶ 2    Following a jury trial, defendant, Antonio Fletcher-Bey, was convicted of aggravated kidnapping in violation of section 10-2(a)(3) of the Criminal Code of 1961 (Code) (720 ILCS 5/10-2(a)(3) (West 2004)). Defendant appeals the denial of his motion for leave to file a postconviction petition. On appeal, defendant argues that his case should be remanded for further proceedings because his appointed counsel failed to comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). For the following reasons, we disagree.

1

¶ 3                                    I. BACKGROUND

¶ 4      On March 10, 2005, defendant was charged by indictment with aggravated kidnapping in violation of section 10-2(a)(3) of the Code (720 ILCS 5/10-2(a)(3) (West 2004)). Defendant's trial, in which defendant proceeded *pro se*, was held in December 2006. During the trial, testimony revealed that Geton Robertson called 911 when she heard a woman yelling "no" in response to a man telling the woman to get into the trunk of a green car. Officer Eric Smith received the call and dispatched officers to the Joesting Projects in Alton, Illinois, where Robertson witnessed the incident. Robert Hill, a 911 telecommunicator, testified that he received two calls from Lindsay Burnett requesting help. Ms. Burnett provided her name and stated defendant beat her up in the woods and put her in the trunk of a car. She did not know her exact location during the first call but advised Hill of her location on Sheppard Street during a second call, after she recognized the voice of defendant's girlfriend, Kenya Hamilton, whom she and defendant dropped off earlier in the evening.

¶ 5      Sergeant John Wethington testified that he was initially dispatched to the Joesting Projects but was later dispatched to Sheppard Street. On his way to Shepperd Street, he observed a green Chrysler and turned around to pursue the car. The vehicle did not stop and tried to elude the police. The driver jumped out of the car, as did a passenger, leaving the car in drive as it was rolling down a hill. The car crashed into a pole, trunk first, and then stopped. Officer Wethington jumped out of his car, put the green car in park, removed the keys from the ignition, opened the trunk, and found Ms. Burnett, covered in blood and mud. The passenger was arrested at the scene.

¶ 6      Major Dwynn Isringhausen searched, located, and arrested the driver; he identified the driver as the defendant. Evidence officer Mick Dooley testified that he and Detective William Brantley later returned to the woods with Ms. Burnett, who showed the officers where the

altercation occurred and identified numerous items from her purse that were strewn on the ground. Officer Dooley performed phenolphthalein testing on items in the trunk and they tested positive for blood. He also took photographs at the scene, collected evidence at the scene, and took photographs of the victim. He admitted the scene photographs were erroneously erased and the date on the remaining photographs was erroneous. He testified that phenolphthalein tests were not laboratory tests, and the blood stains were not DNA tested.

¶ 7 The victim, Ms. Burnett, testified about the incident and her 911 calls, and she identified defendant as the person who attacked her and later put her in the trunk of the car. Defendant's girlfriend, Ms. Hamilton, testified defendant showed up to her house covered in blood and told her Ms. Burnett was in the trunk and he was "going to finish the bitch off." Ms. Hamilton testified that she got into the vehicle to prevent defendant from further harming Ms. Burnett.

¶ 8 Additional testimony was provided by Dr. Maurice Sonnenwirth regarding Ms. Burnett's condition at the hospital and Detective Gary Cramner, who seized defendant's clothing and assisted in the lineup in which Ms. Burnett identified defendant. Detective Brantley testified that he interviewed and released Ms. Hamilton following her arrest, interviewed defendant twice, and accompanied Officer Dooley, Detective Mattala, Ms. Burnett, and several other detectives, to the woods where the incident started and the items from the victim's purse were identified and taken as evidence.

¶ 9 Defendant did not testify and presented no evidence. The jury found defendant guilty of aggravated kidnapping and the trial court sentenced defendant to 28 years in the Illinois Department of Corrections (IDOC). Defendant filed a motion to reduce or modify sentence, which was denied. Defendant filed a direct appeal and his counsel, the Office of the State Appellate Defender (OSAD), raised only the issue of whether defendant's waiver of his right to counsel was

valid. This court affirmed the conviction. *People v. Fletcher-Bey*, No. 5-07-0186 (2009) (unpublished order under Illinois Supreme Court Rule 23).

¶ 10    While the direct appeal was pending, defendant filed a section 2-1401 petition for relief from judgment (735 ILCS 5/2-1401 (West 2008)) in December 2008. The petition argued that his sentence violated the proportionate penalties clause and the State failed to prove beyond a reasonable doubt that defendant secretly confined Ms. Burnett. The trial court found the filing untimely and rejected the substantive claims. Defendant appealed. Defendant's appellate counsel, OSAD, moved to withdraw arguing the claims had no merit. This court granted OSAD's motion and affirmed the trial court's judgment. *People v. Fletcher-Bey*, No. 5-09-0377 (2010) (unpublished order under Illinois Supreme Court Rule 23).

¶ 11    While the section 2-1401 petition appeal was pending, defendant filed his first postconviction petition in April 2010. The petition claimed potential juror bias, the trial court failed to advise him that he had to file a posttrial motion to preserve issues for appeal, the State failed to prove secret confinement, the State made improper arguments during closing, and his appellate counsel was ineffective by failing to raise these issues on direct appeal. Defendant was appointed postconviction counsel, who raised the same claims. The State moved for dismissal which was granted by the trial court. Defendant appealed and his appellate counsel, OSAD, moved to withdraw arguing the issues had no merit. This court granted OSAD's motion and affirmed the trial court's dismissal of defendant's postconviction petition. *People v. Fletcher-Bey*, 2015 IL App (5th) 130270-U.

¶ 12    Defendant filed a second petition for relief from judgment in June 2016, arguing the trial court erred when it allowed prior inconsistent statements to be introduced at his trial and that his mandatory supervised release (MSR) should be included in his 28-year sentence. The trial court

dismissed the petition as untimely. Defendant appealed but later moved to voluntarily dismiss his appeal. This court issued an order granting the motion. *People v. Fletcher-Bey*, No. 5-17-0026 (2018) (unpublished order).

¶ 13 On October 25, 2017, defendant filed a *pro se* motion for leave to file a successive postconviction petition. The motion claimed that defendant just learned of the conviction of Alton evidence officer Mickey Dooley, and alleged police misconduct based on Dooley's actions while gathering evidence and later destroying evidence by erasing photographs. The petition further claimed that the associate judge did not have authority to preside over his trial and, during *voir dire*, the prosecution indoctrinated the jury. He alleged prejudice based on the police misconduct and stated he was not making an actual innocence claim. Although no ruling was issued by the trial court on the motion, on February 28, 2018, defendant filed his *pro se* successive postconviction petition. On August 30, 2018, a status hearing was held at which time the court asked defendant if he wanted counsel. Defendant replied in the affirmative and the Madison County Public Defender was appointed. On November 5, 2018, after noting a conflict between appointed counsel and defendant, the trial court discharged the public defender and appointed special public defender Donna Polinske as counsel for defendant. Polinske was ordered to meet with defendant and review his documents to decide whether she needed to amend his *pro se* pleadings or file additional pleadings. Thereafter, despite never issuing a ruling on defendant's motion for leave, the trial court issued an order on February 21, 2019, directing the State to facilitate scheduling and coordination of a video conference with IDOC and defendant's counsel, and further directing postconviction counsel to determine whether she was going to amend the pleadings or stand on defendant's pleadings after consultation with defendant. The order set a deadline for the State to file its pleadings once postconviction counsel consulted with defendant.

5

On March 21, 2019, postconviction counsel Polinske filed a Rule 651(c) certificate stating she consulted with defendant, examined the record and the report of proceedings for the "plea of guilty," and made amendments to the *pro se* petition "necessary for the adequate presentation" of defendant's contentions.

¶ 14 On November 16, 2020, defendant filed a *pro se* first amended postconviction petition. The petition stated postconviction counsel last spoke with him on December 20, 2019, and requested to proceed to "stage two" proceedings without counsel. Additional motions were filed by defendant on May 19, 2021, and September 13, 2021, requesting a status review and disparaging his appointed counsel. On September 27, 2021, postconviction counsel filed a motion requesting a setting for defendant's motion for leave to file a successive postconviction petition. On September 29, 2021, defendant moved for a default judgment against the State. On November 8, 2021, defendant filed a request for entry of default. On January 24, 2022, defendant sent correspondence to the circuit clerk stating that he filed pleadings to discharge his attorney, her filings were null and void, and directed the clerk not to accept any filings by counsel.

¶ 15 On May 26, 2022, the trial court issued an order acknowledging that counsel was previously appointed, and hearings were set, but "now realized that it never ruled on the Motion for Leave." The order noted that no substantive matters were ever addressed, and the State never filed any responsive pleading. Upon review of the pleadings, the trial court found there was no claim advanced which entitled defendant to file a successive petition and denied defendant's motion for leave to file a successive petition. Defendant timely appealed.

¶ 16                                          II. ANALYSIS

¶ 17 On appeal, defendant argues this case should be remanded because his appointed counsel failed to provide reasonable assistance at the "leave to file stage" of his successive postconviction

6

proceeding. No argument regarding the validity of defendant's motion for leave to file a successive postconviction petition is presented.

¶ 18 Defendant argues that after postconviction counsel was appointed, counsel did nothing beyond filing a Rule 651(c) certificate, which was rebutted by the record. The certificate stated counsel reviewed defendant's "plea of guilty"; however, there was no plea. Further, while the certificate claimed counsel amended the petition, no amended petition was filed. Defendant argues that because counsel failed to provide any meaningful assistance, and the record rebutted the certificate, the case should be remanded to allow for reasonable assistance. In support, defendant relies on *People v. Johnson*, 2018 IL 122227, and *People v. Walker*, 2018 IL App (3d) 150527.

¶ 19 In response, the State argues, citing *People v. Moore*, 2019 IL App (3d) 170485, that counsel was under no obligation to perform under Rule 651(c) until the trial court issued a ruling on the motion for leave to file a successive petition. Defendant replies that *Moore* was wrongly decided because it is inconsistent with *Johnson*. In the interim, the Third District issued its decision in *People v. Garrett*, 2023 IL App (3d) 210305. *Garrett* also involved the premature appointment of postconviction counsel, and stated *Moore* was wrongly decided. *Id.* ¶ 18.

¶ 20 The Post-Conviction Hearing Act (Act) provides a three-stage process for criminal defendants to collaterally attack their convictions and sentences when their federal or state constitutional rights are substantially violated in their original trial or sentencing hearing. *People v. Hatter*, 2021 IL 125981, ¶ 22; 725 ILCS 5/122-1 *et seq*. (West 2018). The procedure begins with an initial review of the petition by the trial court to determine if it is frivolous or patently without merit. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). If the petition provides an arguable basis, either in law or fact, it will pass the first stage; thereafter counsel will be appointed to assist with amendments to defendant's initial petition, and "the defendant bears the burden of making a

7

substantial showing of a constitutional violation." *People v. Pendleton*, 223 Ill. 2d 458, 472-73 (2006). Under the Act, counsel is only appointed after a petition is advanced to the second stage of proceedings. 725 ILCS 5/122-4 (West 2018). If the petition advances, an evidentiary hearing is held at the third stage. *Pendleton*, 223 Ill. 2d at 473. Generally, the Act contemplates only one postconviction proceeding. *People v. Edwards*, 2012 IL 111711, ¶ 22. However, the bar against successive proceedings is relaxed by either (1) a showing of cause and prejudice or (2) a claim of actual innocence. *Id*. ¶¶ 22-23. Once leave to file is granted, the case proceeds with the same three stages addressed above.

¶ 21 On appeal, defendant does not dispute that counsel was appointed prematurely. Instead, defendant argues, pursuant to *Johnson*, the premature appointment required counsel to perform in accordance with Rule 651(c) prior to the second stage proceedings. We disagree.

¶ 22 In *Johnson*, defendant privately retained counsel to assist him with his initial postconviction petition. *Johnson*, 2018 IL 122227, ¶ 5. Following the dismissal of the petition, defense counsel filed a notice of appeal; thereafter, defendant filed a motion to reconsider claiming his counsel provided ineffective assistance because he failed to raise additional claims in the postconviction petition. *Id*. ¶ 6. Counsel's appeal was dismissed, and the case was remanded to allow the trial court to address the reconsideration. *Id*. ¶ 7. After allowing defendant to supplement his motion to reconsider, the trial court denied the motion, and on appeal, the appellate court affirmed the summary dismissal after finding defendant had no right to reasonable assistance of counsel until the second and third stage of the proceedings. *Id*. ¶¶ 8-10. On review, the supreme court found that "[t]he rationale for requiring a reasonable level of assistance from privately retained counsel at the second and third stages of postconviction proceedings applies with equal force to first stage representation." *Id*. ¶ 18. The court also noted that Rule 651(c), "which requires

counsel to consult with a defendant regarding his postconviction petition, applies only to those defendants who file their initial petition *pro se* and are appointed counsel at the second stage." *Id.* (citing *People v. Cotto*, 2016 IL 119006, ¶ 41). The court found that to hold that privately retained counsel had no standard of representation at the first stage was not what the General Assembly intended. *Id.* As such, the court held "that a defendant who retains a private attorney at the first stage of postconviction proceedings is entitled to a reasonable level of assistance of counsel." *Id.* ¶ 23.

¶ 23     Here, it is undisputed that no right to appointed counsel exists either at the first stage of a postconviction petition or to assist with the filing of defendant's motion for leave to file a successive petition. 725 ILCS 5/122-1(f) (West 2018). The right to counsel for a postconviction petition is statutory; however, such right is equally dependent on the substance of the *pro se* document filed by the defendant and the timing of the court's ruling on the initial petition. *Id.* §§ 122-2.1, 122-4.

¶ 24     A petitioner is not entitled to counsel if his *pro se* petition is dismissed at the first stage as frivolous or patently without merit. *People v. Porter*, 122 Ill. 2d 64, 73 (1988). Further, if the court does not rule on the initial petition within 90 days, the petition will automatically advance to the second stage thereby allowing for the appointment of counsel. *People v. Al Momani*, 2016 IL App (4th) 150192, ¶ 11; 725 ILCS 5/122-2.1(b) (West 2018). Notably, neither of those possibilities are available until after a motion for leave to file a successive postconviction petition is granted.

¶ 25     For leave to be granted to file a successive postconviction petition under the Post-Conviction Hearing Act, petitioner must make a *prima facie* showing of both cause and prejudice, or actual innocence, by submitting sufficient pleadings and documentation to permit the court to make an independent determination on the legal question raised. *People v. Bailey*, 2017 IL 121450,

9

¶ 24; 725 ILCS 5/122-1(f) (West 2018). Because the Act is premised on the petitioner's satisfaction of showing either cause and prejudice, or actual innocence, a successive postconviction petition cannot be considered "filed" until leave to file is expressly granted by the circuit court, regardless of whether the successive petition was filed by the clerk's office. *People v. LaPointe*, 227 Ill. 2d 39, 44 (2007). Further proceedings, which would include the appointment of postconviction counsel, will not follow until leave is granted. *People v. Tidwell*, 236 Ill. 2d 150, 161 (2010).

¶ 26    While nothing in the statute provides for the appointment of counsel at the motion for leave stage (725 ILCS 5/122-1(f) (West 2018)), the lack of a right to obtain appointed counsel is not dispositive. Illinois courts have long held that trial courts have discretion in deciding whether to appoint, or deny a request to appoint, counsel. *Tedder v. Fairman*, 92 Ill. 2d 216, 226-27 (1982); *People v. Pinkonsly*, 207 Ill. 2d 555, 560-68 (2003). As such, we consider the conflicting decisions issued by the Third District addressing what duties and level of assistance, if any, arise from the inadvertent and premature appointment of counsel in postconviction proceedings.

¶ 27    In *Moore*, the appellate court found defendant had no right to counsel at the motion for leave stage and, "[t]herefore, defendant cannot complain of the reasonableness of counsel's assistance as he did not have the right to counsel." *Moore*, 2019 IL App (3d) 170485, ¶ 12. Conversely, in *Garrett*, the court noted *Moore* did not address Illinois Supreme Court precedent in *Johnson* and held that prematurely appointed counsel was required to provide reasonable assistance based on *Johnson*. *Garrett*, 2023 IL App (3d) 210305, ¶ 18.

¶ 28    As noted above, in *Johnson* the Illinois Supreme Court held that retained counsel was required to provide "reasonable assistance" during the first stage of postconviction actions. *Johnson*, 2018 IL 122227, ¶ 23. As such, we hold that requiring a lower level of required

performance by erroneously appointed counsel would be inconsistent with the holding in *Johnson* and undermine principles of fundamental fairness.

¶ 29    We note, however, that the underlying duties for which counsel is appointed must be clearly delineated to avoid the confusion seen in both *Garrett* and *Moore*. In *Garrett*, the trial court advised counsel "to review defendant's filings" after noting "the difficulty in pursuing a successive postconviction petition." *Garrett*, 2023 IL App (3d) 210305, ¶ 9. The ambiguity of this statement, and whether it would include a duty to amend petitioner's motion for leave to file a successive petition, is unknown. However, based on arguments raised in *Garrett*, it is apparent defendant believed that amendment of his motion for leave was included in appointed counsel's duty. Similarly, in *Moore*, the appointment of counsel prior to the ruling on the pending *pro se* motion for leave to file a successive postconviction petition left it unclear as to what duties were included in the appointment, resulting in a claim on appeal that counsel failed to amend defendant's *pro se* motion for leave. *Moore*, 2019 IL App (3d) 170485, ¶¶ 5-7, 9.

¶ 30    Here, the record is sufficiently clear to determine appointed counsel's duties. The trial court's May 26, 2022, order noted that it previously appointed counsel and only "now realized that it never ruled on the Motion for Leave." Such admission clarifies that the premature appointment of counsel did not include amending petitioner's motion for leave and was simply an error. We note, however, that without the statement, the court's November 5, 2018, order, directing appointed counsel to meet with petitioner, review his documents, and decide whether the *pro se* pleadings needed amending or additional pleadings needed filed, would be as equally confusing as the directives seen in *Moore* and *Garrett*. Here, as in those cases, there was no clarification as to whether the "*pro se* pleadings" included defendant's *pro se* motion for leave or was limited to the successive postconviction petition. It is only through the trial court's subsequent order that it

11

is apparent the trial court was only appointing counsel to address the successive postconviction petition as, by its own admission, the court believed a ruling had already been issued on the motion for leave. We appreciate the clarification by the trial court as this allows us to determine the scope of appointed counsel's duties in this matter; however, we would be remiss in failing to recommend that the trial court clarify appointed counsel's duties at the time of the postconviction appointment.

¶ 31    Turning to the arguments on appeal, defendant contends his postconviction counsel "failed to provide reasonable assistance and abide by Rule 651(c) at the leave-to-file stage of his successive post-conviction petition." He argues that counsel failed to "provide any meaningful assistance and the record rebuts any presumption that she satisfied the requirements of Supreme Court Rule 651(c)." The initial argument centers on Rule 651(c) and contends the rule encompasses all of counsel's assistance, regardless of the level of the proceedings. We disagree.

¶ 32    Rule 651(c) "applies only to those defendants who file their initial petition *pro se* and who are appointed counsel at the second stage." *Johnson*, 2018 IL 122227, ¶ 18. As defendant's claim did not move beyond the motion for leave to file a successive postconviction petition stage, neither counsel's Rule 651(c) certificate, nor Rule 651(c) itself, are applicable in this matter.

¶ 33    Our analysis is therefore governed by the reasonable assistance standard. This standard is "significantly lower" than the ineffective assistance of counsel standard "mandated at trial by our state and federal constitutions." *People v. Custer*, 2019 IL 123339, ¶ 30 (citing *Pendleton*, 223 Ill. 2d at 472). The First District recognized the lack of case law associated with cases involving the reasonable assistance standard when Rule 651(c) was inapplicable. *People v. Zareski*, 2017 IL App (1st) 150836, ¶ 58. It created a "*Strickland*-like analysis" stating that a reasonable assistance review considered the failings of counsel *in conjunction with whether petitioner was prejudiced by the alleged failures*. *Id.* ¶¶ 59-61.

12

¶ 34 The majority of defendant's arguments are based on counsel's Rule 651(c) certificate and her duties thereunder, which as explained above, are inapplicable. The only non-Rule 651(c) claim raised was that counsel "neglected his case by allowing an unreasonable delay in the resolution of [defendant's] motion." While defendant alleged deficiencies by his counsel in failing to bring the pending motion to the court's attention, at no time did defendant argue he was prejudiced by the delay. Nor does defendant argue that appointed postconviction counsel should have amended his motion for leave, what amendments—if any—should have been made, or that he was prejudiced by the lack of any amendment. As such, we hold that defendant failed to show that his appointed postconviction counsel's assistance was unreasonable. As no argument was raised regarding the merits of the trial court's denial of defendant's motion for leave to file a successive postconviction petition, we affirm the trial court's denial of said motion.

¶ 35                                  III. CONCLUSION

¶ 36 For the foregoing reasons, we affirm the trial court's judgment.


¶ 37 Affirmed.