2025 IL App (1st) 242326-U

No. 1-24-2326

Order filed December 19, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 02 CR 16582 |
| | ) | |
| GLENN CARTER, | ) | Honorable |
| | ) | Ursula Walowski, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the circuit court's denial of leave to file a successive postconviction petition where defendant did not show prejudice from postconviction counsel's failure to allege cause and prejudice as a basis for relaxing the bar on successive petitions.

¶ 2    Following a bench trial, defendant Glenn Carter was convicted of predatory criminal sexual assault and sentenced to 30 years' imprisonment. We affirmed his conviction and sentence on direct appeal, and Carter is now on his fifth post-trial motion, which attempts to challenge his

sentence. In this appeal, Carter argues we should reverse and remand for further postconviction proceedings because his privately retained counsel failed to provide reasonable assistance in attempting to obtain leave to file his second successive postconviction petition. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      In 2004, the circuit court found Carter guilty of predatory criminal sexual assault of his fiancé's daughter and sentenced him to 30 years' imprisonment. In 2006, we affirmed his conviction and sentence. *People v. Carter*, No. 1-04-3430 (2006) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5      In 2008, Carter filed an unsuccessful *pro se* petition for a federal writ of *habeas corpus*. *Carter v. Hulick*, No. 07 C 5937, 2008 WL 4427457 (N.D. Ill. 2008). In 2010, Carter filed an unsuccessful petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure. *People v. Carter*, 2012 IL App (1st) 103134-U.

¶ 6      On August 28, 2012, Carter filed an initial *pro se* postconviction petition, arguing, *inter alia*, that his 30-year sentence was unconstitutional and "substantially exceed[ed] the 4-year offer made by the prosecution." Carter also argued that his trial counsel was ineffective in numerous ways. The circuit court dismissed Carter's petition as frivolous and patently without merit in a written order on November 14, 2012. Regarding the sentencing claim, the court found Carter "voluntarily decided to go to trial in lieu of accepting the plea deal offered by the State," noting that Carter "does not argue that his counsel forced him to go to trial." We affirmed. *People v. Carter*, 2014 IL App (1st) 130123-U.

¶ 7 On November 16, 2015, Carter filed a *pro se* successive postconviction petition and "motion for sentence reduction," asserting trial counsel was ineffective for "failing to explain the plea-bargain, offered by the State," which he described as a four-year plea to a lesser charge. Carter attached a letter from trial counsel, dated June 13, 2005, in which counsel wrote, "If [the case] gets remanded for a new trial, I don't know whether the 4 year offer will be made again."

¶ 8 The circuit court denied Carter leave to file the successive postconviction petition because Carter failed to demonstrate cause and prejudice where the basis for his ineffective assistance claim was available at the time of his prior postconviction petition, the case Carter relied on (*Lafler v. Cooper*, 566 U.S. 156 (2012)) was decided six months before his initial postconviction petition, and he failed to attach any newly-discovered evidence. Carter appealed and we affirmed after granting his appellate counsel leave to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). *People v. Carter,* No. 1-16-0492 (2016) (unpublished order under Illinois Supreme Court Rule 23).

¶ 9 On January 19, 2024, Carter filed the instant successive postconviction petition through privately retained counsel, Mark Kusatzky. This time Carter argued trial counsel was ineffective for "failing to properly convey the offer" of a four-year prison sentence in exchange for a plea of guilty. According to Carter, "counsel never relayed the offer to [him] except in the lock-up behind the courtroom right before sentencing" and counsel "rejected that offer without tendering the offer" to Carter. Carter attached affidavits from himself and his sisters, Denise and Benita Carter, in which they averred the trial judge mentioned "the four-year plea offer" during the sentencing hearing but Carter "never mentioned *** that he had received a four-year offer."

¶ 10    Kusatzky did not allege cause and prejudice in seeking leave to file the instant successive postconviction petition. Instead, he filed a certificate in accordance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), stating that he had consulted with Carter to ascertain his allegations, examined the record, examined Carter's previous postconviction petitions, and ensured Carter's claims were properly presented. Kusatzky also argued that Carter only needed to show his successive postconviction petition was not frivolous or patently without merit to avoid dismissal, rather than the cause and prejudice standard.

¶ 11    At a July 23, 2024, hearing on Carter's motion, Kusatzky agreed with the court's summary that Carter was claiming he "would have accepted a four[-]year offer that was given to him, but [trial counsel] rejected it without letting him know about it." The court stated it was under the impression that "this issue – or some part of this issue was raised" and "already handled" in previous postconviction proceedings and therefore forfeited. The court continued: "I was waiting for any supplemental filings from you *** to see if I was going to allow this filing, because right now as I see the history of this, I would not allow a successive because of the fact that this issue has been raised and dealt with before." Nevertheless, the court gave Carter another chance to "come back" and let the court know if it was missing something as far as any other argument.

¶ 12    On August 5, 2024, Kusatzky stated he was in the process of procuring transcripts to determine whether a plea offer was discussed and whether the claim was previously dealt with. The court stated, "[T]o rule on whether or not I will allow this to be filed, I would like to review that record regarding the offer because if there is something in the record that contradicts this, then obviously that resolves this issue. But if there is nothing in the record that contradicts what your allegation is, then I would give you leave to file and you would proceed."

¶ 13    On October 29, 2024, the court denied Carter leave to file the instant successive postconviction petition in a written order. After reviewing the record, the court found Carter's plea agreement claim lacked merit, the claim had been "raised previously" and was barred by *res judicata*, the record contradicted the claims in Carter's sisters' affidavits that the trial judge mentioned the proposed plea agreement at sentencing, and Carter failed to make "any reference to the 'cause and prejudice' standard intrinsic to successive petitions." Carter appeals.

¶ 14                                II. ANALYSIS

¶ 15    On appeal, Carter contends he received unreasonable assistance from Kusatzky because he failed to "know and argue the appropriate cause and prejudice standard" for filing a successive postconviction petition. The State maintains that because there is no right to counsel at the leave-to-file stage, Carter cannot complain about the level of assistance he received from counsel. Alternatively, the State argues counsel was not unreasonable in failing to present a frivolous and meritless argument.

¶ 16    The Post-Conviction Hearing Act (Act) provides a framework for incarcerated individuals to collaterally attack their convictions by establishing the substantial denial of a constitutional right during trial or sentencing. 725 ILCS 5/122-1(a)(1) (West 2018). The statute contemplates generally the filing of only one postconviction petition. *People v. Clark*, 2023 IL 127273, ¶ 39; 725 ILCS 5/122-1(f) (West 2018). "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." *People v. Coleman*, 2013 IL 113307, ¶ 81. The filing of successive postconviction petitions is "highly disfavored." Thus, a defendant may file a successive petition only under certain circumstances and must obtain leave of court to do so. *Clark*, 2023 IL 127273, ¶ 39.

¶ 17     This bar is relaxed under two grounds, including, as relevant here, where a defendant can satisfy the cause-and-prejudice test for failure to assert a claim in an earlier postconviction petition. *People v. Robinson*, 2020 IL 123849, ¶ 42; see also 725 ILCS 5/122-1(f) (West 2018) (codifying cause and prejudice test). In determining whether to grant leave to file a successive postconviction petition, the circuit court makes a cause and prejudice determination by conducting a preliminary screening of the defendant's motion to assess whether the motion adequately alleges facts making a *prima facie* showing of cause and prejudice. *Clark*, 2023 IL 127273, ¶ 47.

¶ 18     A defendant shows cause by "identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2018). A defendant shows prejudice by "demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.* If the circuit court grants the defendant leave to file a successive postconviction petition, the petition is docketed for second-stage proceedings. See *People v. Walker*, 2022 IL App (1st) 201151, ¶ 20.

¶ 19     It is undisputed that Kusatzky failed to assert the cause and prejudice standard and misunderstood the procedure for filing a successive postconviction petition. The issue is whether this automatically requires reversal and remand. Under the circumstances, it does not.

¶ 20     First, we reject the State's contention that because there is no right to counsel at the leave-to-file stage, Carter cannot complain about the level of assistance he received from counsel. It is axiomatic that once a defendant retains counsel, reasonable assistance of counsel is mandated at all stages of postconviction petition proceedings, including the leave to file stage. See *People v. Johnson*, 2018 IL 122227, ¶¶ 16, 19, 23; *People v. Garrett*, 2023 IL App (3d) 210305, ¶ 18.

Reasonable assistance is "a standard that is significantly lower than the one mandated at trial by our state and federal constitutions." *People v. Custer*, 2019 IL 123339, ¶ 30.

¶ 21    Citing *People v. Suarez*, 224 Ill. 2d 37, 47 (2007), Carter demands we reverse and remand, arguing remand is "*always* required" where counsel failed to fulfill its duty to provide reasonable assistance. (Emphasis in original). We disagree. *Suarez* is inapposite, as it involved counsel appointed at second-stage postconviction proceedings, who was bound by the requirements of Rule 651(c). Here, Carter is only at the leave to file stage, where the same rules governing Rule 651 do not apply. See *People v. Zareski*, 2017 IL App (1st) 150836, ¶ 55 ("*Suarez* does not say that this automatic-remand rule must apply to retained counsel, who are not guided by Rule 651 if retained at the first stage of proceedings"). Instead, at this stage, we employ a *Strickland*-like analysis and consider the failings of Carter's postconviction counsel in conjunction with whether Carter was prejudiced by them. *Id.* at ¶¶ 59-61. The question of whether postconviction counsel provided reasonable assistance is reviewed *de novo. People v. Williams*, 2025 IL 129718, ¶ 41.

¶ 22    Contrary to Carter's argument, postconviction counsel's failure to allege cause and prejudice is not *per se* unreasonable in this case. Carter suffered no prejudice from the failure of counsel to argue cause and prejudice because none exists.

¶ 23    The circuit court is presumed to know the law and indeed did apply the correct standard for filing a successive postconviction petition, looking beyond counsel's failures. Having determined the petition lacked merit and the issue raised was already decided, Carter could not satisfy the cause and prejudice test as a matter of law. Therefore, Carter was not prejudiced by postconviction counsel's assistance.

¶ 24     Our view perhaps would change had Carter explained to us what postconviction counsel could have possibly alleged for cause. From the record and arguments in the briefs, it is apparent that the claim raised in his successive petition was clearly known at the time he filed his initial postconviction petition back in 2012. Thus, any attempt to assert it now would be meritless. See *Garrett*, 2023 IL App (3d) 210305, ¶ 20, citing *People v. Greer*, 212 Ill. 2d 192, 205 (2004) (providing that postconviction counsel is not required "to advance frivolous or spurious claims on defendant's behalf"). This is especially true where the issue raised in the instant successive postconviction petition is virtually the same as the claim raised in Carter's previous filing. See *Garrett*, 2023 IL App (3d) 210305, ¶ 20; *People v. English*, 2013 IL 112890, ¶ 22 (issues raised in a postconviction petition that were decided on direct appeal are barred by *res judicata*, and issues that could have been raised on direct appeal are forfeited).

¶ 25     As recapped above, in Carter's first attempt to file a successive postconviction petition in 2015, Carter argued his trial counsel was ineffective for failing to "explain" and "advise" him on an alleged plea-bargain offered by the State before trial. The trial court denied leave to file and found Carter failed to demonstrate cause and prejudice where the basis for his ineffective assistance claim was available at the time of his prior postconviction petition, the case he relied on (*Lafler v. Cooper*, 566 U.S. 156 (2012)) was decided six months before his initial petition, and Carter failed to attach newly-discovered evidence. Carter's appellate counsel withdrew under *Finley,* 481 U.S. 551, and we affirmed. *Carter,* No. 1-16-0492.

¶ 26     This prior determination informs our decision here, and we find Carter's semantics argument to be a distinction without a difference. While Carter now claims trial counsel never properly conveyed or tendered the alleged offer, his argument is similar, if not the same, as when

he originally claimed counsel failed to "explain" and "advise" him of the alleged offer. The only new support of the renewed claim is the affidavits from Carter's sisters, which could have been tendered before and are not newly discovered evidence.

¶ 27    What's more, the affidavits are contradicted by the record. The assertion in the affidavits that the judge had mentioned the four-year plea offer during the sentencing hearing is false, as no such statement occurs in the transcript. See *People v. Robinson*, 2020 IL 123849, ¶ 60 (supporting documents are accepted as true "unless it is affirmatively demonstrated by the record that a trier of fact could never accept their veracity"). Thus, these affidavits do not amount to newly discovered evidence that would arguably entitle Carter to pursue his claim in a successive postconviction petition.

¶ 28    If the record indicated that Carter, through reasonable postconviction counsel, could prove cause and prejudice and make a colorable claim for postconviction sentencing relief, we might be inclined to reverse and remand. However, Carter's claim is futile because he cannot show cause or prejudice. As the circuit court found, Carter's grounds for ineffective assistance were available sooner, he lacks new evidence, and his argument that counsel failed to explain and advise him of the four-year plea deal has already been found to be without merit. Under these circumstances, the omission by postconviction counsel to assert cause and prejudice does not require remand.

¶ 29    Affirmed.